SUPREME COUNCIL AMERICAN LEGION OF HONOR v. GEORGIA LANDERS.

Decided May 2, 1900.

**1. Mutual Benefit Society—Proof of Assessments.**

The fact that a benefit assessment was made may be shown by parol where the by-laws of the benefit society do not require that the assessment shall be made a matter of record.

Vol. XXIII. Civil—40

**2.   Same—Evidence of Assessment Held Not a Conclusion.**

Where in order to render an assessment call by the executive committee regular, it was only necessary that it should have been made by the committee before a certain day and within certain limits, the statement of a witness that an assessment call within such limits was regularly made by such committee before the required date is not admissible as being a conclusion of the witness, since, if the word "regularly" were stricken out, the proof would still be the same.

**3.   Same—Proof of Death.**

The beneficiary in the certificate is relieved of making proof of death where the by-laws of the society require the subordinate council to ascertain the cause and circumstances of the death and report them to the supreme secretary.

**4.   Practice on Appeal—Cause Remanded, When.**

Where the judgment of the trial court is reversed because of the improper exclusion of offered testimony, the cause will be remanded, since excluded testimony can not be made a basis for the judgment of an appellate court.

ERROR from Bell.  Tried below before Hon. MARSHALL SURRATT.

*Ewing & Ring,* and *A. M. Monteith,* for plaintiff in error.

*W. R. Butler,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by Georgia Landers to recover of plaintiff in error the sum of $2000 alleged to be due on a benefit certificate granted to her deceased husband, William A. Landers.   Plaintiff in error claimed a forfeiture of the benefit certificate by reason of the failure of deceased to pay certain assessments beginning with January, 1896, and ending with June, 1896, deceased having died in July, 1896.   The cause was tried without a jury, and the court rendered judgment in favor of defendant in error for the amount sued for.

It is undoubtedly the rule that strict proof of the validity of an assessment upon which a forfeiture is based must be made by the mutual benefit society claiming such forfeiture.   Bacon, Ben. Soc., sec. 377; Joyce on Ins., sec. 1310.   The assessment, to be valid, must be made by the officers or committees empowered so to do by the rules and by-laws of the society, and in case the by-laws require the assessment to be entered of record, or in the minutes, the record or minute books or proved copies thereof would be the best evidence of the assessment. But in case it is not required that the assessment should be recorded or kept in the minutes, the fact that there was an assessment could be shown by parol.   Backdahl v. Grand Lodge (Minn.), 48 N. W. Rep., 454.

The only requirement in regard to assessments as found in the transcript is as follows:  "63.   It shall be determined by the executive committee on or before the first business day of each month, how many assessments will be probably needed to pay deaths which have already occurred and which may be anticipated for the said month.   Notice of such determination shall be given to every council and each collector,

in such manner as the executive committee may direct. The executive committee shall have authority at any time in making assessment calls to call one-third or two-thirds of the table of rates instead of the full amount thereof." It is apparent that no form or mode of making the assessment is laid down, and there is no requirement that a minute of the assessment be kept in any record book. Under the law of the society, so far as indicated by the transcript, to prove a valid assessment it should be shown that it was made by the executive committee on or before the first business day of the month for which the assessment is made; that it was within the limits fixed by the table of rates, and that notice of such assessment was given to the subordinate council and collector. As none of the acts of assessment are required to be in writing, they can and must necessarily be proved by parol testimony. That the notice was given to the council and collector is not controverted, and plaintiff in error offered to prove by Adam Warnock, its supreme secretary, and member of the executive committee, that "assessment No. 361, regularly called by the executive committee, payable on or before the last day of January, 1896," was not paid by deceased, but the testimony was objected to as being merely a conclusion of the witness and was rejected by the court. To render the assessment call by the executive committee regular it was only necessary to show that it was made before the first business day in January, 1896, and was within the fixed limits. It was shown by the testimony of W. D. Block, collector of the subordinate council of which the deceased was a member, that he had received notice of the assessment in the latter part of December, 1895, so, if made at all, it was made before the first business day of January, 1896, and, if made at all, it must have been regularly made, and to say that it was called was to say it was regularly done, and the testimony of the witness was not an opinion, but the statement of a fact, and should have been admitted. The word "regularly" used by the witness could have been stricken out, and the proof would have been the same. The table of rates shows that for a man of the age of deceased the assessment could be made as high as $4.80, the amount of the January assessment.

Under the laws of the society it was the duty of the subordinate council to appoint a committee of three to ascertain the cause of death and circumstances attending the same, and the report of the committee should have been forwarded to the supreme secretary by the commander and secretary of the subordinate council. This rule relieved the beneficiary in the certificate from making proof of the death. Millard v. Supreme Council (Cal.), 22 Pac. Rep., 864. It is provided in the laws of the society that failure to pay any monthly assessment would cause suspension without any action on the part of the society. It was not controverted that William A. Landers had notice of the January assessment, although it is specially provided that no notice of assessments shall be necessary to members.

This court can not render judgment in this cause, because excluded testimony can not be made a basis for the judgment of an appellate court. Thompson v. Johnson, 92 Texas, 359. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

It seems that appellee labors under the misapprehension that this court held that the trial court should have stricken out the word "regularly" in the excluded testimony, and then have admitted the amended deposition. The court did not intend to make any such ruling, nor is it thought that such a conclusion is deducible from the opinion.

It is contended in the brief of defendant in error that the use of the word "regularly" in the excluded answer of Warnock rendered the answer a mere opinion of the witness, and in the bill of exceptions it appears that the use of the word "regularly" was the object of attack. This court endeavored to show that no form was prescribed by the laws of the order for the call for assessments, and that if the call was made at all, it must necessarily have been regularly made, and that the use of that word in the answer was not sufficient ground for its exclusion. The court did not hold that the word should have been stricken out, but that the meaning of the answer would not have been altered had the word been stricken out. There was no other direct testimony offered to show that the assessment for January, 1896, was called by the executive committee, and the testimony of Adam Warnock was material to the defense in the case.

It is contended by appellee that the collector of the council of which William Landers was a member, received from said Landers $3.20 on the assessment for January, 1896, but such contention is not borne out by the record. The collector swore that the $3.20 was, by instructions from Landers, to be paid to the subordinate council for amounts paid by it for Landers on assessments of 1895, and the money was so applied.

The facts tend to show that the assessment for January, 1896, was a *benefit* assessment, as it was assessed at the time such assessments were required to be made, and the amounts assessed were those required for death benefits for members of the age of Landers, as indicated in the table of rates.

Whatever may have been the effect of the receipt given by the collector to Landers for the assessment, it was destroyed by the conduct of Landers in afterwards refusing to pay the remaining $1.20, upon which condition the receipt was given, and by applying the $3.20 to the payment of another and different debt.

The motion for rehearing is overruled.

*Overruled.*