SUPREME COUNCIL AMERICAN LEGION OF HONOR v.
GEORGIA LANDERS.

Decided January 28, 1903.

**Benefit Insurance—Certificate—By-Laws—Suspension.**

 A certificate of insurance in a benefit society conditioned that insured should have paid all assessments called to the benefit fund and complied with the requirements of the by-laws of the order, which by-laws authorized his suspension for failure to pay all assessments, was avoided by his suspension for failure to pay an assessment duly levied for other purposes than the benefit fund. Both the conditions prescribed by the certificate and those provided by the by-laws were binding, and a failure to comply with the latter authorized his suspension.

Appeal from the District Court of Bell. Tried below before Hon. Marshall Surratt.

*Ewing & Ring* and *A. M. Monteith,* for appellant.

*W. R. Butler,* for appellee.

FISHER, CHIEF JUSTICE.—This is the second appeal in this case, the first having been determined by the Court of Civil Appeals for the Fourth District. 57 S. W. Rep., 307. The action was by Georgia Landers against Supreme Council American Legion of Honor, to recover, besides interest, $2000, the amount of a benefit certificate issued by defendant May 11, 1894, on the life of her deceased husband, William A. Landers, payable to her "upon satisfactory proof of the death, while in good standing upon the books of the supreme council," of said assured; subject to the condition, among others, that he, at the time of his death, "shall have paid all assessments called to the benefit fund within the time and in the manner prescribed by the by-laws of the supreme council in force at the time of the issuance of this certificate, or as the same may be hereafter amended."

 The defendant resisted recovery on the ground, inter alia, that deceased was not, at the time of his death, in good standing upon the books of the supreme council, (a) because he had become suspended from the order by failing to pay, as required by the laws of the order, assessments which had been called by the executive committee, and were payable by him, and (b) because he had previously voluntarily abandoned his connection with the order. The case was tried with the aid of a jury, and resulted in a verdict and judgment in plaintiff's favor, to wit, on February 26, 1902, for $2672.33, being principal and interest to that date, besides costs of suit.

 The facts necessary to a disposition of this case are as follows. The benefit certificate sued upon is as follows:

 "This is to certify that William A. Landers is a companion of the American Legion of Honor, said companion having made application for 3 degree membership to Eureka Council No. 1276 A. L. of H., in-

stituted and located at Temple, in the State of Texas, and passed the requisite examination and been duly initiated into said council, and this certificate is issued to said companion as an evidence of the facts in it contained, and as a statement of the contract existing between said companion and the Supreme Council American Legion of Honor. In consideration of the full compliance with all the by-laws of the Supreme Council A. L. of H. now existing or hereinafter adopted and the conditions herein contained, the Supreme Council A. L. of H. hereby agrees to pay Georgia Landers, wife, $2000 upon the satisfactory proof of the death, while in good standing upon the books of the supreme council, of the companion herein named, and a full receipt and surrender of this certificate, subject, however, to the conditions, restrictions and limitations following:

"First. That all statements made by the companion in the application for membership and all the answers to the questions contained in the medical examination are, in all respects, true and shall be deemed and taken to be express warranties.

"Second. That said companion shall have paid all assessments called to the benefit fund within the time and in the manner required by the by-laws of the supreme council in force at the time of the issuance of this certificate or as the same may be hereinafter amended.

"Third. That all money which the Supreme Council American Legion of Honor may advance against this certificate, by way of relief benefit to the companion named herein for sick or disability benefits under existing or hereinafter-acted by-laws or regulations, may be deducted at the death of the companion from the amount payable to the beneficiary named herein.

"Fourth. That the amount designated by said companion in his application for membership and stated herein as a funeral benefit may be deducted at the death of the companion from the amount payable to the beneficiary named herein.

"Fifth. That this benefit is issued by the supreme council and accepted by the companion herein named for himself and his beneficiary upon express conditions and agreement that in case of any false or fraudulent statement or misrepresentation or violation of any of the covenants herein contained, the same shall be void. In witness whereof, Supreme Council of the American Legion of Honor has hereunto affixed its corporate seal and caused this certificate to be signed by its supreme commander and attested by its supreme secretary, at Boston, Massachusetts, this 11th day of May, A. D. 1893."

By-law 62 of the order is as follows: "On or before the last day of each calendar month every member of the order shall pay to the collector of his council, and without notice, all assessments which may have been called by the executive committee and are payable by him during said month. In default thereof he shall stand suspended from membership in the order and all benefits therein, and his benefit certificate shall be void."

A quorum of the executive committee of the Supreme Council of the American Legion of Honor, in accordance with the rules and by-laws of the order, and at the time and place required, called or levied an assessment for the month of January, and regularly and properly notified the subordinate lodge of which Landers was a member. According to this assessment, Landers was due for the month of January, 1896, $4.80, $3.20 of which he paid, but declined and refused to pay the balance; and thereafter, when requested to pay the balance, directed the receiving officer who had collected from him the $3.20, and who was the collecting officer of the council of which Landers was a member, to apply the $3.20 to an indebtedness due by Landers to the subordinate lodge of which he was a member. From this time Landers ceased to be a member of the lodge in good standing upon the books of the council. The assessment for the month of January and those for the subsequent months, were not paid by him, nor was the amount paid for him by anyone else. Landers died in July, 1896, and from January to that time there was properly levied by the executive committee of the supreme council assessments for each of said months, notice of which was given to the council of which Landers was a member.

There is no dispute as to the facts as above stated. The conclusion that they lead to is that Landers had ceased to be a member in good standing upon the books of the supreme council, and that he was suspended as a member of the order, by reason of his failure to comply with the by-law as above quoted. The by-law became a part of the contract of insurance, and he was bound by it, unless there is some expression in the benefit certificate which indicates that the by-law was waived, or was not intended to be applied to his contract.

It is one of the stipulations of the benefit certificate that the appellant shall become liable only when Landers complies with all the by-laws of the order existing or hereafter adopted, and while he remains in good standing upon the books of the council, subject to certain restrictions and limitations, one of which is that he pays all assessments to the benefit fund within the time and in the manner required by the by-laws.

It is contended by appellee that there can be a suspension from the order or forfeiture of the benefit certificate only when the assured fails to pay the assessments that are called for the benefit fund; and that by reason of the fact that the $3.20 paid by Landers for the assessment of January was all that he was due to the benefit fund, and that the remaining $1.60 being for a different purpose, he was wrongfully suspended from the order. This narrow construction of the contract evidenced by the benefit certificate is untenable. The rule referred to is made a part of the contract of insurance by the certificate itself. The certificate requires a compliance with the rules, and also a compliance with the terms of the contract as evidenced by the certificate, one of the conditions of which was that a forfeiture should result in the event the assessment for benefit funds was not paid; the other was as evidenced by the by-law, which is a part of the certificate, that not only the benefit

fund should be paid, but also all of the assessments levied by the executive committee of the supreme council. The fact that the certificate requires a payment of the assessment due the benefit fund does not relieve the assured of the duty of paying other valid and legal assessments; and the provision of the certificate rendering the policy void for failure to pay the benefit fund does not relieve the assured from the burden of complying with the terms of by-law 62, as above set out. They are both provisions of the benefit certificate, made so by the terms of the certificate itself, and both may be harmonized and be construed together so as to give effect to each.

With this view of the question, together with the facts as found, it is unnecessary for us to pass upon the other questions presented in the briefs, for, in our opinion, the judgment ought to be reversed and here rendered in favor of the appellant.

*Reversed and rendered.*

Writ of error refused.