GEORGE E. MORIN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

February 5, 1885.

**Ejectment—Evidence of Title—Judgment of Probate Court of Another State.**—A judgment of a probate court in a foreign state, declaring certain persons to be the heirs-at-law of one L., deceased, and that they were entitled by the laws of that state to inherit the real estate of the deceased, is not, in an action in this state involving the title to lands here, admissible in evidence, against a stranger to the proceedings in the foreign court, as proof of the death of L., or of the inheritance of lands under the laws of our state.

Appeal by defendant from an order of the district court for Sherburne county, *Crosby*, J., presiding, refusing a new trial, after a verdict for plaintiff.   The facts are stated in the opinion.

*R. B. Galusha* and *J. Kling*, for appellant.

*Wilson & Lawrence*, for respondent.

Both under U. S. Rev. St. § 905, and Gen. St. 1878, *c.* 73, § 54, the decree of the probate court in Michigan was properly received in evidence.   The decree was made in a proceeding *in rem*, and was conclusive as to the facts therein adjudicated, which were death and survivorship.   Starkie Ev. 372; 1 Greenl. Ev. § 550; *Mutual Benefit Life Ins. Co.* v. *Tisdale*, 91 U. S. 238.   The facts of death and survivorship can be proved by hearsay and reputation, and the proceedings in Michigan were *prima facie* evidence of these facts.   2 Greenl. Ev. § 355; Abbott's Trial Ev. 110; *Anson* v. *Stein*, 6 Iowa, 150; *Tisdale* v. *Conn. Mut. Life Ins. Co.*, 26 Iowa, 170; *Patterson* v. *Gaines*, 6 How. 550.

DICKINSON, J.   This is an action of ejectment, in which the title to the land is in issue.   One William L. Larnerd was the original owner of an undivided one-half of the land.   The plaintiff sought to prove the devolution of this estate upon himself.   For this purpose he offered in evidence an exemplification of the records of the probate court for the county of Ingham, in the state of Michigan, showing these facts:   One Horatio H. Larnerd filed his petition in the said probate court, alleging the death, in the state of Michigan, of William L. Larnerd, and that he died seized of certain described lands in that state; that the petitioner was his son, and, with the widow, one Elizabeth J. Larnerd, constituted the only heirs-at-law of the deceased. The prayer of the petition was that the court adjudge who were the heirs of the deceased and entitled to inherit such real estate.   Upon the hearing of this petition, after publication of notice, the court, after reciting the facts established upon the hearing, as set forth in the petition, adjudged the said Horatio H. Larnerd and Elizabeth J. Larnerd to be the heirs-at-law of the said William L. Larnerd, and entitled by the laws of the state of Michigan to inherit the real estate of the said deceased.   The defendant excepted to the ruling of the court admitting this evidence, and now assigns the same as error.   The

plaintiff showed, by a chain of conveyances, the transmission of the title of Horatio H. and Elizabeth J. Larnerd to himself.

The facts sought to be proved by the record evidence referred to—that is, the death of William L. Larnerd, and the heirship, under the laws of this state, of Horatio H. Larnerd and Elizabeth J. Larnerd—were substantive and essential facts upon which the plaintiff's title, which was in issue, depended. More strict proof is required under such circumstances than is requisite when such questions arise incidentally or collaterally. 2 Phil. Ev. 93; 2 Greenl. Ev. § 278a. Upon authority, we consider that the evidence was inadmissible. *Thompson* v. *Donaldson*, 3 Esp. 63; 2 Phil. Ev. 93; *Mutual Ben. Life Ins. Co.* v. *Tisdale*, 91 U. S. 238; *Carroll* v. *Carroll*, 60 N. Y. 121; *English* v. *Murray*, 13 Tex. 366; and see *Day* v. *Floyd*, 130 Mass. 488, 489.

There is no recognized principle of the law of evidence to which the admissibility of this evidence can be referred, unless it is to be considered that the determination of the probate court was an *adjudication* of the facts of death and heirship, and an adjudication of such a nature as to affect and conclude strangers, not parties to that proceeding, in a contest relating solely to lands in the state of Minnesota. But such an effect cannot be given to that judgment when presented as proof in this action of the facts of death and of heirship under the laws of this state. The facts in issue in this action, and to which the evidence was directed, being entirely different from those as to which the probate court adjudicated, and this defendant, against whom the judgment was offered, having been in no sense a party to the proceedings before that court, the judgment was not of effect as an adjudication of the facts necessary to be proved here, and was not even *prima facie* evidence of such facts.

The proceeding in the probate court and the judgment therein were in their nature *in rem*, and may be regarded as concluding all the world as to the matters directly adjudicated. And it would seem, too, that in any subsequent proceeding involving the same *thing* or *subject* as that before adjudicated upon, and in which conclusive effect is to be given to such former judgment, such effect may be attributed, not only to that which was actually declared and expressly determined by

the judgment, but also in respect to the grounds or facts upon which the judgment proceeds. *Pick* v. *Strong,* 26 Minn. 303. But the irrelevancy of that judgment to the issue here is apparent when it is considered how foreign to the subject here involved were the facts adjudicated by the Michigan court. The only subject before that court for adjudication, or in respect to which it assumed to adjudicate, was the heirship, according to the laws of Michigan, in respect to certain real property in that state. With respect to lands in Minnesota, and as to who were entitled to inherit them, the court neither assumed to adjudicate, nor had it power to do so. The facts to be established in this action relate only to real property situate here, the inheritance of which, upon the death of the owner, must be determined by our statutes of descent, whatever may be the laws of inheritance in the state of Michigan. If, in fact, the statutes of the two states controlling the descent of real property are the same, (which does not appear,) that does not affect the case. In that case, it is true, the Minnesota lands would be inherited by the same persons who were entitled to succeed to the lands in Michigan; but this would be simply from the operation of our law of descent, entirely unaffected by the foreign adjudication. That has nothing to do with this case.

It seems, then, to be apparent that the judgment itself, rendered by the probate court in Michigan, was irrelevant to the matter in issue here, and, of course, was of no effect as proof, unless it is to be considered that, because that judgment must have necessarily involved the determination by the court of the fact of the death of William L. Larnerd, the judgment is therefore evidence of that fact in this case. But it cannot be that, in a case where the former judgment itself is irrelevant to any fact in issue, those not actually parties to the proceeding can be affected in respect to the grounds or facts upon which that judgment may have been based. As has been already suggested, so far as the fact of death may bear upon the validity or effect of the adjudication *in rem,* it may be inferred from the judgment itself that the person from whom the inheritance is declared to have descended is dead, for the judgment necessarily depends upon that fact. But such an inference is not to be made in proceedings in no way related to the *res* which was the subject of the

former adjudication, nor as to persons who, as to the former proceedings, are to be deemed strangers, and not parties. As to them, the former proceedings are *res inter alios actæ.* See, in addition to authorities cited above, *Kearney* v. *Denn,* 15 Wall. 51; *Bogardus* v. *Clarke,* 1 Edw. Ch. 266; s. c. affirmed, 4 Paige, 623; *Executors of Crosland* v. *Murdock,* 4 McCord, 217.

These views are not in conflict with that class of cases in which it has been held that a grant of letters testamentary or of administration is proof, in actions by or against the executor or administrator in his representative capacity, of the regularity of the proceedings resulting in their issuance, and of the legal authority of the representative. Of this character is *Pick* v. *Strong, supra.* These decisions are in harmony with the familiar principles of the law relating to judgments *in rem.* In Broom, Leg. Max. 957, the law is thus expressed: "A judgment *in rem* renders the thing adjudicated upon, *ipso facto,* such as it is thereby declared to be, and is, therefore, of effect as between all persons whatever. Thus, a grant of probate or of administration is in the nature of a decree *in rem,* and actually invests the executor or administrator with the character which it declares to belong to him," and so it is "conclusive as against all the world." But that such a grant of probate or of administration is not even *prima facie* evidence of the death of the person upon whose estate it is made, in a proceeding not connected with the administration, is shown by the authorities above cited. It is held otherwise in Iowa and New Hampshire, (*Tisdale* v. *Connecticut Mut. Life Ins. Co.,* 26 Iowa, 170; *Jeffers* v. *Radcliff,* 10 N. H. 242,) although, in the case last cited, the court admits that the law in England is not so.

Order reversed and a new trial awarded.