AGNETTA BACKDAHL and others *vs.* GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN.

| 46 | 61 |
| 48 | 477 |
| 46 | 61 |
| 73 | 491 |
| 46 | 61 |
| 85 | 229 |

April 8, 1891.

**Pleading—What Defences are not Inconsistent.**—If the facts alleged in both of two defences may be true, the defences are not inconsistent.

**Decree of Distribution as Evidence of Heirship.**—A decree of distribution made in administrative proceedings is not evidence, as against strangers, that the persons to whom the estate is assigned are heirs of the deceased.

**Relationship—Evidence of Recognition by Family.**—Relationship to a family of a particular person, may be proved by one acquainted with it, and who knows that the person was recognized by it as a relative.

**Mutual-Benefit Society—Assessment on Death of Member, how Provable.**—The constitution of defendant construed, and *held* not to require that an assessment by a subordinate lodge upon the death of a member be entered in the minutes. Such assessment may be proved by parol.

**Same—Proof of Notice of Assessment.**—Testimony by the proper officer that he recollects sending notices to members of a particular assessment,

as was his duty and custom to do, and that he believes he sent notice to all on this particular occasion, is evidence of sending notice to a particular member, although the officer cannot swear positively and specifically as to such member.

**Same—Suspension for Non-Payment of Dues—Notice Required.—** *Scheufler* v. *Grand Lodge*, 45 Minn. 256, followed, to the effect that under defendant's constitution a member cannot be suspended for non-payment of dues, except upon notice and an opportunity to be heard in opposition.

Action brought in the district court for Hennepin county by plaintiffs, alleging themselves to be the mother and sisters of Alfred Backdahl, deceased, and his only heirs at law, upon a "beneficiary certificate" of $2,000, issued to the decedent and payable upon his death to his "legal heirs," upon the condition that he should "in every particular comply with all laws, rules and requirements of said order." The defences are stated in the opinion. At the trial, before *Rea, J.,* the defendant had a verdict. The plaintiffs appeal from an order refusing a new trial.

*Merrick & Merrick,* for appellants.

*Jos. A. Eckstein, W. H. Adams,* and *E. Southward,* for respondent.

COLLINS, J.[1] Plaintiffs, as the heirs of Alfred Backdahl, deceased, brought this action to recover the amount of $2,000 upon a beneficiary certificate issued by defendant to him. The answer denied that plaintiffs were the heirs, and alleged two defences,—the *first,* that Backdahl had been suspended for non-payment of an assessment; *second,* that he had been suspended for non-payment of dues. When the trial commenced, plaintiffs moved that defendant be required to elect between these two defences relating to non-payment, on the ground that they were inconsistent. The test of consistency in two defences is, can the facts pleaded in both be true? If so, then although, either being proved, proof of the other may be unnecessary, they are not inconsistent. As the two suspensions alleged in the answer were at different times, for different causes, effected

---

[1] Vanderburgh, J., absent because of sickness, took no part in this case. Mitchell, **J.,** being absent when this decision was made and filed, did not participate in it.

in different ways, and having different consequences, the last in point of time being more comprehensive than the other, and as, notwithstanding the earlier, the defendant might have made the later suspension, they were not inconsistent. The verdict was for defendant. Each party claims, in effect, to have been entitled to a direction from the court for a verdict. As it is necessary to reverse the order denying a new trial, we will not consider in detail the 24 assignments of error, many of them unfounded, but will refer only to some general questions, which, in all probability, will arise on a second trial.

1. To prove that plaintiffs were sole heirs of Backdahl, they offered in evidence the decree of the probate court distributing his estate. This was properly excluded, for while binding, as to the matters adjudicated, upon the parties to the administration proceedings, it was no evidence of the facts on which it was based against a stranger to such proceedings, as was this defendant. To prove they were such heirs, plaintiffs further offered, and the court admitted, the testimony of a witness whose only knowledge in reference to the subject had been derived from his acquaintance with the family and with Backdahl, the witness and the latter residing in this country, the plaintiffs in Sweden. Although that sort of evidence is in the nature of hearsay, is based on hearsay, it is admissible from necessity, because many times in no other way could relationship be shown but by proof that relationship in and to a particular family was recognized by the members of the family. 1 Greenl. Ev. 106. When such testimony is introduced, it is for the jury to determine, from the extent of the witness's acquaintanceship with the family and his opportunities for knowing that its members recognized the particular person as a member, what weight to give it. In this instance, at least, the testimony of the witness made a *prima facie* case for the plaintiffs on the question of kinship.

2. There was a contest on the evidence as to the making and notice to Backdahl of the assessment for non-payment of which the suspension set out as a first defence was alleged. It appears from the constitution of defendant that, when a member entitled to participate in the beneficiary fund dies, the subordinate lodge to which he be-

longed is to notify, by a prescribed form of death notice, the grand recorder of defendant lodge, who, on the first day of the following month, is to notify each subordinate lodge. It is then the duty of the latter to forward to the grand recorder the beneficiary fund on hand in such lodge, (the sum being one dollar for each certificate, and such sums as may have been received for certificates renewed,) and then to make an assessment of one dollar upon each member holding a certificate. An officer of the subordinate lodge, called a "financier," is to send written or printed notice of the assessment to each member assessed, and, upon the failure of any member within the specified time to pay his assessment, he forfeits all rights under his certificate. The financier is required to keep a book wherein all assessments for the beneficiary fund shall be entered against each member holding a valid certificate. He is also required to furnish the recorder of the lodge the names of members in arrears upon assessments, and the recorder is to place these names on the minutes of the lodge, and to mark the certificates of such members as suspended on the certificate registry book. So far as the return in this case shows, no form or mode of making an assessment is prescribed, and no record thereof required to be made, except by the financier in the book kept by him. To fix a member's duty to pay an assessment, these are the essential things : A death by reason of which an assessment may be made; notice of the death to the grand recorder; the notice before mentioned to the subordinate lodge ; an assessment in fact; and notice thereof by the financier to the member. As the duty to make the assessment is imperative, and no form or mode of making it is prescribed, and no record of it is required to be kept, except in the financier's book, it is not necessary that such assessment be formally made by the lodge, or that it be entered in the lodge minutes, though that would doubtless be the better way of preserving evidence of the fact. Hence such assessment may be proved by parol, and the evidence of it produced upon this trial was sufficient to go to the jury.

3. And so was the testimony as to the sending of notice to Backdahl. The financier, whose duty it is to forward notices, could not and would not testify positively and specifically that he mailed a

notice to Backdahl, but he swore to sending notices of this partic-
ular assessment to all of the members of the lodge, as he supposed,
and as he evidently intended to do, including notice to Backdahl,
"if he was not overlooked." From this the jury might find that no-
tice was sent to Backdahl. *Skilbeck* v. *Garbett*, 7 Q. B. 846 ; *Ward*
v. *Lundsbrough*, 12 C. B. 252; 1 Greenl. Ev. 40; 1 Whart. Ev. 1330.

4. But there was not sufficient evidence to go to the jury as to the
suspension for non-payment of dues, alleged in the second defence,
and the court erred in refusing an instruction requested by the plain-
tiffs that the second defence had not been made out. In *Scheufler*
v. *Grand Lodge*, 45 Minn. 256, (47 N. W. Rep. 799,) we had for con-
sideration those provisions of defendant's constitution which provide
for suspension for non-payment of assessments and suspension for
non-payment of dues. It was held that the former operate *ipso facto*
upon default of the member, and without any action on the part of
the lodge or of any officer thereof, while the latter require the action
and determination of the lodge or an officer thereof. In other words,
that a failure to pay an assessment, of itself and without further
ceremony, suspends the member, while a failure to pay dues gave
cause for suspension only, and, as suspension for non-payment of
dues is in the nature of a forfeiture, the lodge cannot, under its con-
stitution, declare it without notice to the member, giving him an op-
portunity to be heard in opposition. There was no testimony tend-
ing to show such notice or opportunity.

5. It was claimed upon the trial of the case, as well as upon the
argument of this appeal, that Backdahl had voluntarily withdrawn,
had discontinued his connection with the subordinate lodge. The
evidence produced in support of this claim was abundant, but such
a defence was not alleged in the answer, and there is nothing in the
settled case indicating that plaintiffs consented to try such defence,
although not pleaded. However, all of the testimony which was
received bearing upon the question was admissible and pertinent
upon the defence of suspension for non-payment of the assessment,
alleged in the first defence.

Order reversed.