F. S. KOSMERL and Others v. S. F. SNIVELY and Others.[1]

January 17, 1902.

Nos. 12,751, 12,752—(70, 71).

**Action to Quiet Title—Pleading.**

In an action to quiet the title to real property, brought against the administrator of the estate of a deceased person, former owner of the property, and his unknown heirs, certain persons claiming to be such heirs appeared and answered, setting forth in their separate answers that they were heirs of the deceased, and claiming title to the property. On a general demurrer by plaintiff to such answers, it is *held* that the allegations that defendants are the heirs of deceased are admitted, and it is immaterial that the question as to which of defendants are the rightful heirs has not been determined by the probate court.

Action in the district court for St. Louis county against defendants, Snively as administrator of the estate, and the unknown heirs of Johann Mueller, deceased, to quiet title to land. From orders, Cant, J., overruling demurrers to the separate answers of defendants Paciska and another, and defendants Schafer and another, severally claiming to be the sole heirs of Mueller, plaintiffs appealed. Affirmed.

*Towne & Merchant* and *Francis W. Sullivan,* for appellants.

*Warner E. Whipple, Chas. S. Williston, Alexander Marshall, Geo. P. Knowles* and *W. E. Pickering,* for respondents.

*R. R. Briggs* and *John Jenswold, Jr.,* filed a brief in behalf of defendants Kathrina Mueller and others.

BROWN, J.

This action was brought to quiet the title to certain real property in St. Louis county which plaintiffs claim to own; having derived their title through one Johann Mueller, now deceased. The action was brought against the administrator and the unknown heirs of deceased. The respondents appeared in the action and interposed two separate answers; each answer alleging in defense that they are the heirs of deceased, and own the property

1 Reported in 88 N. W. 753.

in question, and also alleging and pointing out certain defects in plaintiffs' alleged title. Plaintiffs interposed general demurrers to the answers, which were overruled by the court below, and they appealed.

The only point made in this court as to the sufficiency of the answers is that there is no allegation therein that the question whether defendants are in fact the heirs of deceased has ever been adjudicated or determined by the probate court of St. Louis county, in which court the estate of deceased is being probated and administered. It is also claimed that the jurisdiction of the probate court to determine who are the rightful heirs is exclusive, and that until that question is there determined the district court has no jurisdiction to inquire into it. We do not attempt to pass upon this question. It is not before the court. Defendants having alleged in their answers that they are the heirs of deceased, and such allegation being admitted to be true by plaintiffs' demurrer, it is wholly immaterial, in view of such admission, that the probate court has not determined the question. And moreover a decree of that court determining the controversy between defendants, and which set of claimants are the rightful heirs, would not be competent evidence of the fact as against these plaintiffs, strangers to the proceedings in that court. Morin v. St. Paul, M. & M. Ry. Co., 33 Minn. 176, 22 N. W. 251; Backdahl v. Grand Lodge A. O. U. W., 46 Minn. 61, 48 N. W. 454.

So far as this action is concerned, it is wholly irrelevant as to which of defendants are the rightful heirs of deceased. If plaintiffs have good title to the land in question, they will recover judgment quieting it, and adjudging invalid all claims made thereto by defendants, whether they are the heirs of Mueller or not. If plaintiffs have no title to the land, then and in that case it belongs to the estate of Mueller, and passes to his heirs. Who those heirs are is a matter of no concern to plaintiffs.

Orders affirmed.