MARY E. CHADBOURNE v. ALEXANDER HARTZ.[1]

October 28, 1904.

Nos. 14,093, 14,115—(116, 118).

**Decree of Probate Court.**

A decree by the probate court having jurisdiction, assigning the residue of the estate of a deceased person, is in the nature of a judgment in rem, and is conclusive upon all persons interested in such estate. Greenwood v. Murray, 26 Minn. 259; Ladd v. Weiskopf, 62 Minn. 29.

**Certified Copy—Presumption.**

The copy of a resolution (as found in the judgment roll) passed by the board of county commissioners, designating the newspaper in which the tax list shall·be published, if improperly certified by the county auditor, overcomes the presumption that the court acquired jurisdiction, and it will not be presumed that another and properly certified copy of such resolution was originally made and filed. A copy of such resolution, found in the judgment roll, contained the following attestation: "Attest. T. S. Mudgett, March 21, 1882. Seal." *Held*, not a certification in compliance with the statute, and consequently the court never acquired jurisdiction, and the tax judgment is invalid.

**Tax Deed.**

A tax deed issued by the state upon premises acquired by the state under a tax sale is void if the amount paid therefor by the purchaser does not include the amount of the then due and delinquent subsequent tax. Hoyt v. Chapin, 85 Minn. 524.

**Tax Assignment Certificate.**

Two state tax assignment certificates were issued by the county auditor upon the same day; the first assigning the right of the state acquired at the tax sale pursuant to the tax judgment entered in 1896, and the second assigning the right of the state acquired under the tax judgment entered in 1897. *Held*, the first assignment certificate was void for the reason that the delinquent tax then due for 1895 was not included, and the second assignment certificate was void for the reason that the premises consisted of two separate tracts, were assessed as such, and judgment entered against each separately, whereas it appeared from the assignment certificate that the county auditor sold both tracts as one parcel, and the same was bid in as such for a lump sum.

[1] Reported in 101 N. W. 68.

**Deed of Confirmation.**

A deed was executed and delivered June 19, 1884, by Robert J. Mc-Brady and wife to J. L. Brady, at which time the grantor owned an undivided one-third interest in the premises conveyed, and the wife of the grantee, Mary J. Brady, claimed to own a tax title thereto. September 9, 1891, Mary J. Brady and husband executed and delivered a quitclaim deed to Robert J. McBrady, which contained a provision to the effect that the conveyance was given to confirm the title of a like deed bearing date June 19, 1884, which had been lost, and not recorded. *Held,* in the absence of any other evidence it may be reasonably inferred that either deed was executed first, and the trial court did not err in holding that the intention of the parties was to vest the title in McBrady.

Action of ejectment in the district court for Mille Lacs county. The case was tried before Baxter, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*E. L. McMillan* and *S. & O. Kipp,* for appellants.

*A. Y. Merrill* and *R. J. Powell,* for respondent.

LEWIS, J.

Plaintiff's title was derived from the heirs of John McBrady, the original patentee. Defendant claims title to the whole premises through certain tax assignment certificates, and, if these are void, then to an undivided one-third interest therein through a deed claimed to have been executed by one of the heirs of the patentee.

1. To prove that plaintiff's grantors were the owners of the premises as heirs of John McBrady, plaintiff introduced in evidence the decree of distribution issued in the probate court. A decree by a probate court having jurisdiction, assigning the residue of the estate of a deceased person, is conclusive upon all persons interested in such estate. Such decree is in the nature of a judgment in rem, which binds all the world. Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945; Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99.

The case of Backdahl v. Grand Lodge A. O. U. W., 46 Minn. 61, 48 N. W. 454, is not in conflict with this rule. There the action was brought to recover the amount claimed to be due upon a life insurance policy, and the decree was introduced for the purpose of showing that plaintiffs were heirs of the deceased. The defendant was a stranger

to the proceedings in the probate court, for the reason that it was in no way interested in the estate decreed. Neither are the cases of Dawson v. Helmes, 30 Minn. 107, 14 N. W. 462, and Burrell v. Chicago, M. & St. P. Ry. Co., 43 Minn. 363, 45 N. W. 849, in conflict. They simply hold that an order of confirmation of a guardian sale under the statute passes upon nothing else than the specific things required with reference to the order. Morin v. St. Paul, M. & M. Ry. Co., 33 Minn. 176, 22 N. W. 251, has no bearing, for the matter there involved was to the effect that the judgment of a probate court of a foreign state does not establish title to land in Minnesota, and the decision rests upon the ground that the res which was the subject of the former adjudication was in no way connected with the subject of the action in this state.

The reference in Kosmerl v. Snively, 85 Minn. 228, 88 N. W. 753, to two of the foregoing cases, was not intended to deny the rule that a decree as to heirship is final as to the real estate distributed by the decree in such proceedings.

2. Defendant claims title in part through a tax assignment certificate from the state to Mary J. Brady, of date December 20, 1882. A copy of the resolution of the board of county commissioners designating the newspaper in which the list should be published was filed with the clerk of court, and attested as follows: "Attest. T. S. Mudgett. March 21, 1882. Seal." To certify means to testify to a thing in writing. State v. Brill, 58 Minn. 152, 59 N. W. 989; Kipp v. Dawson, 59 Minn. 82, 60 N. W. 845. This attestation, if accepted as a certification, might refer to the signature of the county commissioner attached to the resolution. It is not in compliance with the statute, and consequently the tax judgment was invalid.

Tax judgments are presumed to be regular and valid to the same extent as judgments in civil actions. The tax judgment in this case was introduced in evidence by appellant, and, conceding it to be regular upon its face, the presumption would arise that the court acquired jurisdiction. We may admit that such presumption would not be overcome by the mere fact that the various papers constituting the different steps in the tax judgment proceedings were not found in the judgment roll. But such presumption of regularity was overcome by the introduction in evidence of the resolution above referred to. Such resolu-

tion having been found in connection with the judgment roll, it will be assumed that it was the only one filed with the clerk by the county auditor.

3. Appellant also depends upon a tax title alleged to have been secured by Mary J. Brady, based upon a tax judgment and sale to the state in 1891 for taxes of 1889. A tax deed to the premises was issued by the state to Mary J. Brady November 20, 1894, at which time the tax for 1893, then due and delinquent, was not included, which rendered the title void. Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850.

4. Appellant claims also under tax titles procured by Kate Kenely by two state assignment certificates issued by the auditor of Mille Lacs county July 7, 1897. These certificates were issued at the same time, and numbered 401 and 402. The first one—No. 401—purported to assign the right of the state acquired at the tax sale held May 4, 1896, pursuant to the tax judgment entered March 21, 1896; and the other certificate—No. 402—purported to assign the right of the state acquired at the tax sale held May 4, 1897, pursuant to the tax judgment entered March 22, 1897. No. 401—the first one issued— is void for the reason that the delinquent tax then due for 1895 was not included.

The second assignment certificate—No. 402—was void for the reason that the premises were assessed and entered in the judgment as two separate tracts. Judgment was entered against the south half of the northwest quarter for $10.54, and against the west half of the southwest quarter for a like amount, whereas the certificate shows that the county auditor sold both tracts as one parcel, and the same was bid in for the lump sum of $21.62. Section 1592, G. S. 1894, requires the auditor to sell each piece or parcel of land separately, in the order in which they are described in the judgment, and by the description therein. The pieces of land were in fact and in law separate tracts, assessed as such, and, judgment having been entered against each tract separately, the right of redemption existed as to each particular tract, but the auditor, in selling both tracts as one parcel for a gross amount, made it impossible for a party interested to redeem one without redeeming both of the tracts. In National Bond & Security Co. v. Board of Co. Commrs. of Hennepin Co., 91 Minn. 63, 97 N. W. 413, it was held that, where several separate tracts of

land are assessed and treated as one tract, and judgment is entered against the land as one parcel, the auditor must follow the judgment, and sell it as such. Although the facts are different, we think the same reasoning applies to this case.

5. Appellant claims title to an undivided one-third interest to the premises through a deed from Robert J. McBrady, in reference to which the record shows the following facts: Plaintiff introduced in evidence a deed to an undivided one-third of the premises, executed by Robert J. McBrady and wife to J. L. Brady, husband of Mary J. Brady, of date June 19, 1884, and recorded December 21, 1884, and also a deed dated September 9, 1891, by Mary J. Brady and husband to Robert J. McBrady, which contained the following provisions:

> This conveyance is given to confirm the title of a like deed bearing date June 19, 1884, made by the parties of the first part, and delivered to the party of the second part, and which has been lost before the same was recorded, and this deed is in lieu of and confirmatory of such said quitclaim deed dated June 19, 1884, which has been lost or mislaid. .

It thus appears that two deeds were executed on June 19, 1884— one from Mary J. Brady and husband to Robert J. McBrady, and the other from Robert J. McBrady and wife to Joseph L. Brady, husband of Mary J. Brady. There is no evidence in the record, other than the deeds themselves, to indicate which was executed first. Appellant argues that, because on that date Mary J. Brady held a tax title, the presumption arises from the transaction that she intended to convey to Robert J. McBrady her interest in the premises by virtue of such tax title, and that subsequently Robert J. McBrady and wife deeded the premises back to Mr. Brady, all being a part of the same transaction, and that the subsequent deed of September 9, 1891, was executed merely for the purpose of showing that the Bradys had transferred to Robert J. McBrady all their interest to the tax title, and that the deed of September 9 is to be treated as of the date of the original deed. On the other, hand, it is claimed by plaintiff that there is ground for assuming that the deed from Robert J. McBrady to Mr. Brady was executed first, the two deeds constituting separate transactions, and that it was the intention of the parties to merge and transfer the entire

title in Robert J. McBrady. In our opinion, either conclusion is reasonably inferable from the facts, and we are unable to state that the trial court was in error in holding with plaintiff.

The other assignments of error do not merit attention.

Order affirmed.