# Reynolds v. Reynolds.

*Assumpsit.*

(Decided February 5, 1914. Rehearing denied April 16, 1914. 65 South. 194.)

1. *Descent and Distribution; Transfer by Distributee; Will*—The transferee of all the property owned by decedent at the time of his death, except that disposed of by his will, may, when suing on an note included in such estate, introduce the will to show that such note was not within the exception.

2. *Same; Title of Transferee.*—A note belonging to the estate of a decedent at the time of his death, and not disposed of by his will, passes to the distributees of his estate subject to administration, and, with this qualification, the sole ownership of such note was vested in one of the distributees when transferred to her by the other distributees.

3. *Evidence; Parol to Vary Writing.*—Where there were three distributees of the estate and two of them by written contract transferred to the third distributee, "all the rights, title and interest they and each of them had in and to any property owned" by decedent at the time of his death, except that disposed of by his will, and the transferee under such contract brought suit on a note owned by deceased at the time of his death, one of the distributees signing the contract could not testify that it was a part of the consideration of the contract that he was to be released from all indebtedness to the estate, the action being by the transferee on the note given by such distributee to the decedent before his death.

4. *Witnesses; Competency; Transactions With Decedent.*—The maker of a note given to a decedent before his death is not competent, under section 4007, Code 1907, to testify to a transaction between himself and decedent, when sued on the note by the transferee of the interest of the distributees of the estate, since the estate is interested in the result of the suit.

5. *Bills and Notes; Payment; Evidence.*—A check given by a firm of which the defendant is a member payable to and endorsed by a decedent before his death, and a charge on the books of the firm of

[Reynolds v. Reynolds.]

an account against decedent due the firm, have no tendency, by and of themselves, to prove any payment on the individual debt of one of the partners to the decedent.

6. *Appeal and Error; Assignment; Consideration.*—The ruling excluding testimony not having been assigned as error such testimony cannot be considered in determining the question whether the court was in error in giving the general charge.

7. *Charge of Court; Directing Verdict.*—Where the undisputed testimony showed that a plaintiff was entitled to recover something, evidence of a payment greatly less in amount than the face value of the note sued on did not render improper the giving of the affirmative charge for plaintiff.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Assumpsit by Lizzie Reynolds against C. G. Reynolds. Judgment for plaintiff and defendant appeals. Affirmed.

W. L. LEE, and H. L. MARTIN, for appellant.  The court was in error in declining to permit appellant to testify that in the settlement between appellee and appellant and the other distributees of the estate of Reynolds, that it was agreed that all indebtedness due by defendant to such estate was paid, and that each heir relinquished all rights or claims to any indebtedness owing by appellant to said estate, and that same was a part and parcel of the consideration of his entering into said contract.—*Roquemore v. Vulcan I. Wks.,* 151 Ala. 643; *Powell v. Thompson,* 80 Ala. 51; *Huckabee v. Shepherd,* 75 Ala. 342; *Vandegraft v. Abbott,* 75 Ala. 487; *Cowan v. Cooper,* 41 Ala. 187; *Thomas v. Barker,* 31 Ala. 392; *Corbin v. Sistrunk,* 19 Ala. 203; *Brown v. Isbell,* 11 Ala. 1009; *Barlow v. Fleming,* 6 Ala. 146; *Simonton v. Steele,* 1 Ala. 356.  These same authorities fully support assignments of error 4 and 5.  The check of Kirkland & Reynolds given to R. J. Reynolds was admissible on the defense of payment, as was the book account of said firm against said Reynolds.—*Parker v.*

*Edwards,* 85 Ala. 612, and authorities supra. Such evidence was not prohibited by section 4007, Code 1907. It was not contradicted that one of the notes was paid, and hence, the court erred in directing a verdict for plaintiff. On application for rehearing counsel cite in support of their contention that it was competent for Reynolds to show the consideration moving to him under the written contract that he was to be relieved of all indebtedness, the following additional authorities. —*Cochran v. Burdick,* 61 South. 30; *Parker v. Bond,* 121 Ala. 529; *Watson v. Kirby,* 112 Ala. 436; 9 Enc. of Evid. 379; 385; 6 Wall. 772; 61 Kan. 727; 81 Am. St. Rep. 28; *Foster v. Bush,* 104 Ala. 662; *Able v. Gunter,* 174 Ala. 393; *Castle's Mills v. Strater Bros.,* 166 Ala. 275.

B. G. FARMER, for appellee. Appellant could not testify that he had paid the note, as it was shown that they were given to R. J. Reynolds and were now a part of his estate.—Sec. 4007, Code 1907, and authorities cited thereunder. The court properly declined to permit defendant by parol testimony to vary the terms of the written contract entered into by and between the distributees of the estate of which he was one.—3 Mayf. 565. The court did not direct the amount of the verdict, but merely a verdict for plaintiff, and as the undisputed evidence disclosed that plaintiff was entitled to recover something, there was no error in giving the affirmative charge for plaintiff.

WALKER, P. J.—The action was by the appellee against the appellant upon several promissory notes made by the appellant to R. J. Reynolds, who died before the suit was brought, leaving a will and a codicil thereto under which the appellee, his widow, and his

two children, one of them the appellant, were beneficiaries.

By a written instrument, to which these three beneficiaries were parties, the two children of the deceased bargained, sold, and quitclaimed to the appellee "all the rights, title, and interests they and each of them have in and to any property owned by the said R. J. Reynolds at the time of his death, except that which is devised to them by the terms of the will and codicil thereto and that which is granted to them by the terms of this agreement." The will and the codicil thereto were properly admitted in evidence for the purpose of showing that the notes sued on were not within the exception made in the above-quoted transfer to the appellee. The notes having been made payable to R. J. Reynolds, in the absence of any assignment or transfer of them, they remained his property until his death, and, not having been disposed of by the will or the codicil, they passed to the distributees of his estate, subject to administration, and, with this qualification, the sole ownership of them vested in the appellee as a result of the transfer to her by the only other persons who had an interest in them as distributees of the estate of the deceased payee.

The court sustained the objection of the plaintiff to the offer of the defendant to prove by himself as a witness that it was a part and parcel of the consideration of his entering into the written contract of settlement above quoted from that he was to be released of all indebtedness owing by him to the estate of the deceased, and that each of the other parties to the agreement relinquished all right or claim to any indebtedness owing by the defendant to said estate. The objection was properly sustained. It is manifest that the proposed testimony would have varied or contradicted the terms of

the written instrument. A result of the agreement as evidenced by that instrument was that the daughter of the deceased payee of the notes disposed of her interest in them by transferring it to the widow, the plaintiff in this suit. The effect of the prior or contemporaneous verbal agreement proposed to be testified to by the defendant would have been to make a wholly different disposition of that interest, namely, a relinquishment of it in favor of the defendant, the maker of the notes. The testimony offered was not admissible under the rule that a collateral parol agreement concerning the same matter may be proved, if it does not contradict the terms of the written contract, as the verbal agreement proposed to be proved would have contradicted the writing, by materially changing its terms and effect. *Roquemore v. Vulcan Iron Works,* 151 Ala. 643, 44 South. 557.

The defendant was not entitled as a witness in his own behalf to testify as to a transaction between himself and R. J. Reynolds, deceased, whose estate was interested in the result of the suit.—Code, § 4007; *Hodges v. Denny,* 86 Ala. 226, 5 South. 492.

The defendant offered in evidence a check given by Kirkland & Reynolds, a firm of which he was a member, payable to the order of R. J. Reynolds, and having his indorsement on it, and an entry on the books of that firm showing a charge of $50 against R. J. Reynolds on an account between him and the firm. This evidence, standing by itself, had no tendency to prove any payment on the individual indebtedness of the defendant to the deceased payee of the notes sued on, and the objections to it were properly sustained.

It is suggested in the argument of the counsel for the appellant that the general affirmative charge given at the request of the plaintiff was improper, because the de-

[Crosswhite v. Chattanooga Brewing Co.]

fendant testified to a payment of $110 made by him to his father. His testimony to this effect was excluded, and this ruling has not been assigned as error. Besides, it seems that if such testimony had not been excluded, and had been uncontradicted, it would not have rendered improper the giving of the charge in question, as the payment testified as having been made was greatly less than the amount of the notes sued on; the undisputed evidence in the case showing that the plaintiff was entitled to recover something.

Affirmed.