Argued January 18, reversed February 2, rehearing denied March 9, 1915.

## LOUGHARY *v.* SIMPSON.

(145 Pac. 1059.)

**Descent and Distribution—Family Settlements.**

1.   Family agreements for the settlement and distribution of estates are looked upon with peculiar favor and will be upheld in the absence of gross injustice or fraud.

**Executors and Administrators—Necessity of Administration—Family Settlements.**

2.   Where all of the children and heirs of an intestate who left no debts executed instruments acknowledging the receipt of all property due them from the estate as the final step in a settlement and distribution of the estate, the administrator could not sue one of the children for an accounting as to funds claimed to have been received by him as attorney in fact for the intestate, as, the parties having reached a final settlement, there was nothing upon which to base an accounting.

   [As to binding effect on administrator of sole distributee's settlement of claim in favor of deceased, see note in Ann. Cas. 1913B, 228.]

From Polk: WEBSTER HOLMES, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

This is a suit by U. S. Loughary, administrator of the estate of Martha Simpson, deceased, against Isaac Simpson for an accounting.   Plaintiff, as administrator of the estate of Martha Simpson, deceased, alleges, among other things, that defendant, as attorney in fact of Martha Simpson, during the last years of her life, obtained possession of certain funds belonging

---

*As to the necessity of administration in devolution of personalty, see note in 15 L. R. A. 491.    REPORTER.

to her, which he has failed to account for, or turn over to plaintiff as administrator of the estate.

Decedent, who at the time of her death was a widow, was survived by three adult children, whose names are Marshall W. Simpson, Eliza Loughary and Isaac Simpson, the defendant. Martha Simpson's husband, I. M. Simpson, died on the 11th day of July, 1887, leaving an estate and a will, by the terms of which the widow and Marshall W. Simpson were appointed executrix and executor, respectively. At the time of Martha Simpson's death the estate of I. M. Simpson, deceased, had not been finally settled, and thereafter on November 25, 1912, the three heirs of Martha Simpson, above named, being her only heirs, met in Dallas for the avowed purpose of settling their several interests in the estate of their father, I. M. Simpson, deceased, and for a final distribution of the assets thereof. At the same time there was some discussion of the estate of their mother, who had died intestate, and at that time they each executed a separate copy of the following instrument:

"In the County Court of the State of Oregon for Polk County.

"In the Matter of the Estate of Isaac M. Simpson (Senior), Deceased. No. 562.

"I, the undersigned, do hereby certify, declare and acknowledge that I have received from the estate of my father, said Isaac M. Simpson, Senior, deceased, and from Martha Simpson, executrix, and Marshall W. Simpson executor, of said estate, all property real and personal, due me from the said estate on the final settlement and distribution thereof, and I do hereby consent and agree that said Marshall W. Simpson, the surviving executor of said estate, may be released and discharged from his trust as said executor, and his

bondsman exonerated from any and all further liability herein.

"I further acknowledge that I have received all property, real and personal, due me from the estate of said Martha Simpson (my mother), who died intestate in Polk County, Oregon, on the 22d day of November, 1912.

"Witness my hand and seal, this 25th day of November, 1912.

"ELIZA LOUGHARY.    [Seal]

"Executed in the presence of us as witnesses.

"PEARL OWINGS.
"OSCAR HAYTER.

"State of Oregon, County of Polk—ss.:

"On this 26th day of November, 1912, before me appeared the above-named Eliza Loughary, to me personally known to be the identical individual who executed the foregoing instrument and acknowledged to me that she freely and voluntarily executed the same.

"Witness my hand and seal this 25th day of November, 1912.

"[Seal]                              OSCAR HAYTER.
"Notary Public for Oregon."

The other copies being exact duplicates of the foregoing, except that they were executed by Marshall W. Simpson and Isaac M. Simpson, defendant herein.

It is conceded that the estate was without creditors, and that the three children named were the only heirs at law of Martha Simpson. The court below entered a decree requiring the defendant to pay to plaintiff the sum of $3,962,46, with interest, as the assets of the estate of Martha Simpson, deceased. From this decree defendant appeals.

REVERSED.   SUIT DISMISSED.   REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. George G. Bingham.*

For respondent there was a brief over the name of *Messrs. McNary, Smith & Shields,* with an oral argument by *Mr. John H. McNary.*

Mr. Justice Benson delivered the opinion of the court.

1, 2. There is some conflict, but a clear preponderance of the evidence establishes the fact that the instrument above set out was executed by the parties as the final step in a settlement and distribution of the estates of both the father and the mother of the parties thereto, and was so understood at that time. Family agreements of this sort are looked upon with peculiar favor by the courts, and will be upheld unless there appears to be some gross injustice or fraud in connection therewith: 8 Cyc. 504; *Smith* v. *Smith,* 36 Ga. 184 (91 Am. Dec. 761); *Adams* v. *Adams,* 70 Iowa, 253 (30 N. W. 795); *Taylor* v. *Taylor* (Tex. Civ. App.), 54 S. W. 1039; *Cruger* v. *Douglas,* 4 Edw. Ch. (N. Y.) 433.

This settlement appears to be within the limitations suggested, and should be upheld, in which event, the parties having reached a final settlement, there is nothing upon which to base an accounting, and the decree of the lower court must be reversed and the suit dismissed.

Reversed. Suit Dismissed. Rehearing Denied.

Mr. Chief Justice Moore, Mr. Justice Burnett and Mr. Justice McBride concur.