F. R. BARNES v. C. R. VERRY.
LEWIS E. JONES, GARNISHEE.
VIOLETTE M. VERRY AND OTHERS, INTERVENERS.[1]

March 23, 1928.

No. 26,632.

**Written agreement between all heirs for settlement of estate not nullified by different decree of court entered with their consent.**

1. A written agreement, made between all the heirs of a decedent after all debts and expenses of administration of the estate have been paid, providing for the distribution of the assets among them and transferring to one of them a specific item of such assets, made for the purpose of settling disputes among them and in order that the estate may then be closed, is valid and binding. Such agreement is not nullified or avoided by a decree of distribution which the heirs, in consideration of the agreement, consent and agree shall be entered, and which is entered by the probate court, providing for a different distribution, the agreement between the heirs not having been disclosed to or passed upon by the probate court.

**Rights of third persons against heirs not affected by the decree.**

In such case the rights of third persons not interested in the estate, against heirs or devisees, are not affected or concluded by a decree of distribution by the probate court.

[1]Reported in 218 N. W. 551.

**When parol testimony is inadmissible to vary terms of agreement.**

   2. There being no fraud and no question of escrow or conditional delivery, conditions varying the terms of such written agreement cannot be ingrafted therein by parol evidence.

   Descent and Distribution, 18 C. J. p. 888 n. 92; p. 889 n. 93.
   Evidence, 22 C. J. p. 1151 n. 4.
   Executors and Administrators, 24 C. J. p. 528 n. 99.

Plaintiff appealed from a judgment of the district court for Wilkin county, Flaherty, J. entered against him and in favor of the interveners. Reversed with directions.

   *N. F. Field, Schneller & Schneller* and *Purcell & Heder,* for appellant.

   *Lewis E. Jones* and *W. S. Lauder,* for respondents.

OLSEN, C.

Plaintiff brought action to recover a sum of money from the defendant, C. R. Verry, and by garnishment impounded money in the hands of Lewis E. Jones. The interveners, Violette M. Verry, John E. Verry and Nellie M. Cross, claimed ownership of the money garnisheed and were brought in as claimants. Pleadings were made up, and the issue as to whether the money garnisheed was, at the time the garnishee summons was served, the property of defendant, C. R. Verry, or of said interveners, was duly tried in the district court. Plaintiff in the meantime had obtained judgment in the main action against defendant for a sum greater than the sum garnisheed. The trial court found that the money garnisheed was the property of the interveners and judgment was so entered, and plaintiff brought this appeal from such judgment.

The defendant and interveners are the children and heirs at law of one Thomas R. Verry, who died intestate sometime in February or March, 1921. At the time of his death he was the plaintiff in an action in the district court in Wilkin county, Minnesota, against one James Fitzgerald, the sheriff of that county. That action was to recover money collected by the sheriff upon a judgment in favor of C. R. Verry against one George Barnes, which judgment had

been assigned by C. R. Verry to his father, Thomas R. Verry. Violette M. Verry was appointed administratrix of her father's estate and was substituted as such as plaintiff in the suit against Fitzgerald. Judgment was thereafter obtained against Fitzgerald and collected by Lewis E. Jones, as attorney for the plaintiff in said action, on February 3, 1923. After deducting attorney's fees and costs, there remained in the hands of Mr. Jones the sum of $1,673.15, out of which sum there was $60 to be repaid to Violette M. Verry, administratrix, for costs advanced by her in the matter. Mr. Jones sent checks for $1,613.15 and $60 to Violette M. Verry, as administratrix, as soon as the money came into his hands, but in the meantime the estate of Thomas R. Verry had been closed and she had been discharged as administratrix. She did not indorse or cash the checks. Apparently some dispute arose as to the disposition of the money by her, and payment of the checks was stopped. Thereupon the money was garnisheed in this action in September, 1923.

1. Thomas R. Verry was a resident of North Dakota and his estate was administered in the probate court, there known as the "county court," of Walsh county, North Dakota. The administration of the estate was completed and ready for final decree on May 24, 1922. The four heirs, the defendant and the interveners in this action, one of whom was the administratrix of the estate, met at the county seat of said county on that day with the attorney who was conducting the proceeding. A form of final decree was considered and prepared. The defendant, C. R. Verry, and the intervener John E. Verry were each indebted to the deceased, and consequently to the estate, in some amount. It is reasonably inferred from the evidence that there was dispute as to the amount owing by C. R. Verry; that there was some admission or concession to the effect that he was entitled to the proceeds of the Fitzgerald judgment; that thereupon an agreement in writing was entered into and duly signed by all of the heirs in the presence of the attorney for the estate; that such agreement was made for the purpose of settling all disputes between the parties so that a final decree could then be entered; that in consideration of the making of this agreement the defend-

ant, C. R. Verry, consented to the entry of a final decree in the probate court, wherein it was recited that he was indebted to the estate in an amount greater than his share therein and had agreed to the deduction thereof, and that the entire property of the estate should be assigned to the three interveners and C. R. Verry be eliminated from participating therein. The written agreement made by the heirs, as before stated, was not filed in or presented to the probate court, and such final decree was entered by the probate court on the same day that the written agreement was made.

The written agreement so entered into provided, as far as necessary here to state, that the estate should be closed by the administratrix "so far as the proceedings in County Court are concerned" and, notwithstanding the claims against C. R. Verry and John E. Verry, that each one of the four heirs share and share alike in the estate; that the administratrix is authorized to disregard said claims and also the assignment of all interest in the estate to the three other heirs by C. R. Verry and certain quitclaim deeds made by him, and that these things be recognized only in closing the estate; and it is agreed that C. R. Verry is to have the same share of the estate as the other heirs; and the administratrix is authorized to carry out these provisions. Then it is further agreed that the proceeds, if any, of the suit by Thomas R. Verry (the decedent) against the sheriff of Wilkin county, Minnesota, upon a termination thereof, "belonging" to C. R. Verry, he paying all costs in the matter, and it is "recognized" by all of the heirs that the estate has no financial interest in said suit. The administratrix is authorized to assist in the prosecution of the suit in the name of the estate, but only as and for the benefit of C. R. Verry. Then follow provisions that it is understood that C. R. Verry is to take care of and clear up the Barnes judgment and levy on the undivided property of the estate, and that he is to pay the amount of a Bindewald note of $608.19, which is to be deducted from any money owing him under this agreement, unless sooner paid by him; that the administratrix is to have $500 additional compensation; that she is to collect the uncollected assets and distribute them share and share alike; and that

C. R. Verry and John E. Verry are to be charged their share of the inheritance tax.

The fact that the written agreement was made on two separate sheets of paper, exhibits 6 and B, is of no importance. Each sheet is part of the one agreement and so considered. The agreement does not, in express terms, transfer or assign the Fitzgerald judgment, but is clearly sufficient to transfer to C. R. Verry any interest of interveners therein.

It is contended that the final decree of the probate court is conclusive and cannot be impeached or attacked in this action, except perhaps for fraud. It need not be attacked. Plaintiff's rights as a creditor of C. R. Verry are not based upon the final decree, but upon the written agreement of all the heirs. At the time that agreement was made all debts and expenses of administration had been paid, and the administratrix as such had no further claim or rights in the property. It was the property of the heirs and subject to disposition by them as they saw fit. Even without administration, personal property vests in the heirs where there are no debts. Granger v. Harriman, 89 Minn. 303, 94 N. W. 869. As stated in Vail v. Anderson, 61 Minn. 552, 554, 64 N. W. 47:

"When all claims and demands were paid, including the expenses of administration, the heir at law, * * * if living, would become the sole beneficiary, and, as such, entitled to all that remained."

In Samels v. Hartford Acc. & Ind. Co. 163 Minn. 209, 213, 203 N. W. 620, it is said:

"While it is true that the executor takes title to the personal property not specifically bequeathed, such title is nevertheless a qualified one for the purpose of administration only."

At the time the written agreement was made the assets of this estate were the property of these heirs, and they had the lawful right to dispose of all or any part thereof. The probate decree did not avoid or nullify their agreement. The probate court adjudicates upon the devolution of property under the laws of descent and the right of inheritance thereof as of the date of the death of the prior owner. It does not adjudicate upon claims of third persons against

living heirs nor upon contracts made by or between the heirs. 3 Dunnell, Minn. Dig. (2 ed.) § 3660, p. 177. And the contract here in question was not presented to nor passed upon by the probate court. The rights of third persons not interested in the distribution are not within the probate jurisdiction in this state. State ex rel. Lindekugel v. Probate Court, 33 Minn. 94, 22 N. W. 10. The probate court has no jurisdiction to determine the rights of one claiming through the acts or contract of an heir. Farnham v Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. R. 59; Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171; Hershey v. Meeker County Bank, 71 Minn. 255, 73 N. W. 967; Hause v. O'Leary, 136 Minn. 126, 161 N. W. 392; and the decree assigning the estate does not affect such claims.

The decree is not binding as against strangers to the estate. Backdahl v. Grand Lodge A. O. U. W. 46 Minn. 61, 48 N. W. 454; Kosmerl v. Snively, 85 Minn. 228, 88 N. W. 753.

In the absence of fraud, undue influence or mistake, releases between coheirs of their rights in real or personal property, and agreements entered into between them for a division of the estate, are valid and will be enforced. 18 C. J. 888-889; Greene v. Greene, 204 Mass. 570, 91 N. E. 215; Loughary v. Simpson, 75 Or. 219, 145 P. 1059; Shuee v. Shuee, 100 Ind. 477; Reynolds v. Reynolds, 10 Ala. App. 420, 65 So. 194.

Conceding that the Fitzgerald judgment was part of the assets of the estate, it was taken out of the estate and transferred to C. R. Verry by the agreement in question. The interveners are in no position to claim ownership of the proceeds of the judgment in the face of their written contract.

2. In their pleading the interveners alleged that the written agreement in question was obtained by fraud on the part of C. R. Verry. There is no evidence to substantiate that charge, and it is not now urged.

It is contended that the written agreement was made conditionally and was not to go into effect until C. R. Verry had paid the Bindewald note of $608.19 and had procured the release of the Barnes judgment and levy. It is sufficient to say as to that claim that the agreement specifically disposes of the Fitzgerald judgment

without any condition. It negatives any such condition by providing, as to the Bindewald note, that it is to be deducted from money owing to C. R. Verry, if not sooner paid by him. There is no question of escrow or conditional delivery, and the interveners cannot vary the terms of the written agreement by parol evidence such as was attempted here. Neither does the parol evidence sufficiently sustain the claim. Other undisputed facts fairly eliminate the claim in any event. The Barnes judgment referred to in the agreement presumably is the judgment upon which this main action is based. As reduced to judgment in this action, it amounted to about $2,300. After applying the money garnisheed, it would have left a balance of some $700. Adding the Bindewald note, we have about $1,300, which defendant should pay. The net estate amounted to about $26,000, without including any indebtedness owing to it by defendant and John E. Verry and without including the Fitzgerald judgment which, if referred to in the final account and decree, is therein referred to as an assignment of the judgment of C. R. Verry v. George Barnes, valued at $1. Defendant's share of the net estate would be about $6,500. The estate had cash deposited in bank and government bonds and certificates, available as cash, to the aggregate amount of $11,800, or over $2,900 cash on hand coming to defendant at the time. All that was necessary for the heirs to do was to have Violette M. Verry, who had charge of the funds, charge up the Bindewald note against defendant's share of the cash, and either pay up the balance of the Barnes judgment out of his share of the cash or retain sufficient thereof to protect against that judgment. Defendant would still have a substantial balance of cash coming to him under the agreement.

As already noted, $60 of the money garnisheed represented costs advanced by Violette M. Verry and to be repaid to her.

The judgment appealed from is reversed, and the case will be remanded to the district court with directions to enter judgment in favor of the plaintiff and against the garnishee, Lewis E. Jones, for the sum of $1,613.15 without costs; and the plaintiff will be entitled to have judgment for his costs and disbursements in that court against the interveners.

Reversed and remanded.