IN RE ESTATE OF GOTTLIEB GRAVUNDER.
FRIEDRICH WILHELM GRAWUNDER AND ANOTHER v.
JOSEPH GRAVANDER AND OTHERS.
STATE OF MINNESOTA, RESPONDENT.[1]

November 22, 1935.

No. 30,530.

[1]Reported in 263 N. W. 458.

*John J. Dwyer* and *L. W. Prendergast,* for appellants.

*F. C. & H. A. Irwin* and *Haas & Schwalbe,* for respondents.

*Harry H. Peterson,* Attorney General, and *L. F. Soukop,* Assistant Attorney General, for the State.

JULIUS J. OLSON, JUSTICE.

This is an appeal from a judgment entered pursuant to findings and conclusions of law made by the court below in a contest between petitioners-respondents on the one hand and interveners-appellants on the other, the subject matter of the controversy being the residue of the estate of one Gottlieb Gravunder, whose full and true name was Johann Gottlieb Grawunder. The state is a nominal party only, no brief or other appearance having been made in its behalf here. Hereafter we shall refer to the parties as they were designated below.

Decedent died intestate, a resident of Le Sueur county, on May 17, 1919, unmarried and without issue. His estate was duly administered in and by the probate court of that county. The residue thereof available to his lawful heirs, if such there were, amounted to $15,151.48. There being no known heirs and no one appearing claiming to be such during the course of administration, the aforesaid residue was escheated to the state by appropriate decree, and the representative was discharged upon due showing that the fund so decreed had in fact been paid into the state treasury. In conformity with the provisions of 2 Mason. Minn. St. 1927, § 8727, petitioners herein, Friedrich Wilhelm Grawunder and Anna Juliane Wolski, *nee* Grawunder, claiming to be the next of kin of said decedent and as such entitled to his estate, filed their petition praying that the court judicially determine that fact and that they be adjudged lawfully entitled to receive payment from the state treasury of said residue. Before a hearing was had upon the foregoing petition, Joseph, Vincent, Stephen, and Sophia Gravander filed their answer and cross-bill and asked that they be allowed to intervene. They denied that petitioners were the next of kin of decedent

and claimed that they were such. The state answered, alleging on information and belief that decedent left no heirs. Intervention was duly permitted. Thereupon petitioners made and served their reply to interveners' cross-bill, thus putting in issue the conflicting claims of kinship.

Upon the issue thus made the parties proceeded to trial. The only witness heard orally was petitioner Friedrich Wilhelm Grawunder, born in Germany 78 years prior to the hearing, and who had left that country when 27 years of age for this state, wherein he has since continually resided. The remaining evidence consisted of authenticated copies of birth, death, and marriage certificates taken from public church records in the native country of the Grawunder family and extending back to 1793. These proofs or exhibits were admitted in evidence pursuant to stipulation of counsel. The trial court, obviously with painstaking care and in the exercise of diligent scrutiny in reviewing these many exhibits, came to the conclusion that petitioners were decedent's rightful heirs and entitled to such residue. That part of the court's findings reads:

"That petitioners herein, Friedrich Wilhelm Grawunder and Anna Juliane Wolski, nee Grawunder, bear the relationship of first cousins once removed to said Gottlieb Gravunder, deceased, and are and were at the time of the death of said Gottlieb Gravunder, deceased, the only living persons of that degree of relationship, and that there are and were no persons or person of the same or a nearer degree of kinship to said Gottlieb Gravunder, deceased; that Friedrich Wilhelm Grawunder and Anna Juliane Wolski, nee Grawunder, were and are therefore the only heirs-at-law of said Gottlieb Gravunder, deceased, and entitled to receive distribution of his estate."

As the basis for the above quoted finding, the court, in paragraph eight thereof, went into a complete delineation of kinship. It was therein found that the correct family name of petitioners and decedent was "Grawunder" but that the name has also been spelled as "Gravunder," "Grawander," and "Gravander." The father of decedent and the grandfather of petitioners were brothers. De-

cedent's father was Johann Gottlieb Grawunder, born July 13, 1793. He was the son of Andreas Gravander and Anna Marie, his wife, whose maiden name was Seidel, Seidelin, or Seiderlin. They had three other sons, Johann Michael Gravander, born September 21, 1798, who died in infancy December 12, 1799; Georg Gravander, petitioners' grandfather, born February 21, 1800, and Johann Andreas Gravander, born July 1, 1801, and who (so petitioners allege) died unmarried November 20, 1831. Georg was married to Anna Elizabeth Klatt September 25, 1820. To them were born seven children, only one of whom, Friedrich August Grawunder, lived to maturity, the other six having died in infancy. The last named, father of petitioners, was born September 2, 1825, and died December 20, 1903. He was married April 28, 1847, to Anna Rosina Fleischer, and to them were born ten children, four of whom survived childhood, the other six dying in infancy. Those who reached adult years were the petitioners, Friedrich Wilhelm, born January 14, 1855, and Anna Juliane, born June 28, 1852. The daughter Wilhelmine was born October 27, 1849, and died January 18, 1918. There is no proof that she left any issue. The daughter Ottilie, born in 1856, has not been heard of over a period of more than 30 years and therefore was presumed by the court to be dead.

Johann Gottlieb Gravander, the brother of petitioners' grandfather, was married to Anna Rosine Fiehn November 24, 1819. He died in Germany August 7, 1839, and his wife died sometime in the year 1863, a resident of this state. They had five children, Johann Gottlieb Grawunder, present decedent, born January 9, 1837, died May 17, 1919; Martin Johann Grawunder, born October 15, 1823, died January 25, 1904, a resident of Le Sueur county, unmarried, and whose estate was administered by the probate court of that county; Anna Luise Grawunder, born June 16, 1821, died without issue August 11, 1841; Henriette Grawunder, born November 30, 1827, died October 28, 1840, without issue; and Beate Luise Grawunder, born August 16, 1831, died December 26, 1849, without issue.

Interveners' entire claim hinges upon whether their ancestor Johann Gravander was the same person as Johann Andreas Gra-

vander, who was an uncle of decedent. The exhibits of the parties clearly show that said Johann Andreas Gravander was born July 1, 1801. According to petitioners' claim, this man died November 20, 1831, at the age of 30 years. The death certificate (exhibit B-5) names decedent as Andreas Grawunder. The age of said decedent harmonizes with the birth and baptismal certificate (exhibit B-4) of Johann Andreas. Interveners refer to a marriage certificate indicating that one Johann Gravander was married November 16, 1834. Obviously these were two different individuals. And it is here the present difficulty has its origin. In the marriage certificate (claimed by petitioners to be controlling and evidently so found by the court) Johann, the groom, was 28 years old at the time of marriage; hence he must have been born in 1806. Interveners' exhibit 10 shows that there was a Johann Christoph Grawunder born September 15, 1806, and petitioners' exhibit H-1 shows that Johann Christoph was baptized September 26, 1806. The parents of this child appear the same in both certificates. Said exhibit 10 contains no birth record of any other Grawunder that year. If there be conflict in these records it seems clear that a fact issue was presented to the trial court for decision. We think these records reasonably sustain the trial court's findings. The testimony of petitioner Friedrich Wilhelm, who stated that Johann Andreas died young, aids petitioners' cause. True, his testimony was based upon what his father had told him. But such testimony is admissible upon questions of pedigree and family history. Backdahl v. Grand Lodge, 46 Minn. 61, 63, 48 N. W. 454; Hoyt v. Lightbody, 98 Minn. 189, 198, 108 N. W. 843, 116 A. S. R. 358, 8 Ann. Cas. 984; Geisler v. Geisler, 160 Minn. 463, 465, 200 N. W. 742, and cases cited; In re Estate of Holum, 179 Minn. 315, 317, 229 N. W. 133.

As we read the record, the Johann Gravander under whom interveners claim is more likely to have been Johann Christoph Grawunder, admittedly not a son of the common ancestors Andreas and Anna Marie Gravander. This is the inference that may be drawn from his marriage certificate, wherein it is shown that he was born in 1806, thus conforming with his birth certificate. And, as has already been noted, there appears to have been no other birth in

the family that year. Not to be overlooked is the fact that in interveners' exhibit 10 the given name of Johann appears in 9 of 17 male members of the Grawunder (Graffunder) family from 1796 to 1837.

Obviously it was for interveners to establish their claim to relationship. Having failed in that regard, they are not in position to assert any interest in this estate. They must rely upon their own strength rather than the weakness of petitioners' case.

Interveners have devoted considerable space in their brief to an alleged error, that of admitting in evidence petitioners' exhibit B-6-D. The trouble confronting them in that respect is that all exhibits offered by the parties were received in evidence and submitted to the court upon stipulation of counsel. Record, ff. 81 to 89, inc. Interveners' own exhibit 10 is in exactly the same class as the exhibit to which objection is now raised, both exhibits being statements of the pastors as to their interpretation of what the church records show. However, this exhibit (B-6-D) is not to be taken singly. If we refer to petitioners' exhibit B-7 we find that the same certifies that the church records show that Georg Grawunder was married to Anna Elizabeth Klatt September 25, 1820, and that the groom was the son of Andreas Grawunder and Anna Marie (nee Seidel), admittedly the father and mother of Johann Andreas. In petitioners' exhibit B-6 it is shown that Georg was born in the year 1800. In the marriage certificate (exhibit B-7) the age of the groom is stated to be 20 years, so that conforms with the birth certificate. That makes at least a *prima facie* chain. We think the trial court was justified in coming to the conclusion it did, and the judgment is affirmed.