LOUIS F. MENAGE *vs.* PRICE JONES.

March 11, 1889.

**Probate Court—Sale of Real Estate of Non-resident Ward by Foreign Guardian.**—The probate court of a county in this state in which there is real estate of a ward residing out of this state, under guardianship by virtue of an appointment of a guardian in another state, is the "probate court having jurisdiction," upon an application by the guardian for license to sell such real estate of the ward.

**Same—Record held to show Jurisdiction.**—There being real estate of the ward in the county, and the record of the probate court showing a petition by the guardian from another state asking for license to sell the real estate, and notice and opportunity to be heard, the jurisdiction in the matter appears.

**Same—Points to be Decided—Effect of Decision.**—On such hearing it is for the probate court to determine whether the guardian was duly appointed in such other state, and whether he has complied with the law of this state by filing an authenticated copy of his appointment, and its decision, except on appeal, is final.

**Same—Form of Guardian's Deed—Aider by Record.**—Though a guardian's deed do not refer to the proceedings in the probate court, if it appear by the record of that court and the deed that the sale and deed were made pursuant to the license, it is sufficient. Such a deed in the name of the guardian, in his official capacity, as grantor, is good.

Action of unlawful detainer, brought in the municipal court of Minneapolis, and removed to the district court for Hennepin county, and there tried (as an action of ejectment) before *Hicks,* J., and a jury, on the issue of title made by the pleadings. A verdict was directed for plaintiff, a new trial was refused, and the defendant appealed.

*Albert F. Foster,* for appellant.

*C. J. Bartleson* and *P. M. Woodman,* for respondent.

GILFILLAN, C. J. The probate court of Hennepin county granted to Maria L. Gove, of Concord, N. H., as guardian of the estate of Charles Augustus and Jesse Ridgely Gove, of the same place, minors, a license to sell real estate of said minors situated in said county.

Pursuant to such license the sale was made and confirmed, and the real estate accordingly conveyed to the purchaser, whose title plaintiff has, as also the title of Maria L. Gove. The defendant claims title under conveyances from Charles Augustus and Jesse Ridgely Gove. The only question is the validity of the guardian's sale. It appears from recitals in the order of license that it was made upon the petition of said Maria L. as such guardian, praying for such license, and upon due proof of notice having been duly published as ordered, and after a full hearing, and a determination that the sale was necessary and for the benefit of the wards.

The principal objection made to the sale is that the probate court of Hennepin county had no jurisdiction to grant the order of license. Of course, the sale and conveyance of real estate, whether the property of wards or others, must be made pursuant to the laws of the state in which it is situated. In this case the laws of New Hampshire had nothing to do with the sale. The court in that state could not authorize it, nor determine whether it ought to be made. That was solely and entirely within the jurisdiction of the courts, and under the laws, of this state. In the case of a person under guardianship residing out of the state, and having no guardian appointed in it, the foreign guardian may file an authenticated copy of his appointment in the probate court for any county in which there is real estate of the ward, after which he may be licensed to sell real estate of the ward in any county, in the same manner and upon the same terms and conditions as are prescribed in the case of a domestic guardian. Gen. St. 1878, *c.* 57, § 32. The probate court of Hennepin county (there being real estate of the wards situated in that county) was, then, the proper probate court to which to apply for license to sell the real estate. It was the "probate court having jurisdiction," as those words of the statute have been construed by this court. *Monlour* v. *Purdy*, 11 Minn. 278, (384,) (88 Am. Dec. 88;) *Rumrill* v. *First Nat. Bank*, 28 Minn. 202, (9 N. W. Rep. 731.) This being so, the proposition in *Davis* v. *Hudson*, 29 Minn. 27, (11 N. W. Rep. 136,) that; "where a probate court possesses general jurisdiction of a given class of subject-matters, the possession of jurisdiction assumed to be exercised in a particular case falling within such class is, in col-

lateral proceedings, presumed," would seem to apply; and the court in that case held that the presumption could be rebutted only by the record.

It is, however, unnecessary in this case to resort to that rule, for that the probate court of Hennepin county had jurisdiction to grant the license appears by the record. It appears that the person claiming to be guardian by the appointment in New Hampshire filed a petition, praying that license to sell the real estate be granted, in the probate court of Hennepin county, and that gave jurisdiction after notice, which the record shows, to hear and determine the matter, and grant or refuse such license according to its determination. Upon such hearing it was necessary for the petitioner to show, and for the court to pass on it, that she was guardian by due appointment of the court in New Hampshire, and had complied with the law of this state by filing an authenticated copy of her appointment; but a wrong decision, or a decision on incompetent or insufficient evidence, as to those facts, would be only error to be corrected by appeal, and would not affect the jurisdiction. The jurisdiction did not depend on the validity of the appointment in New Hampshire, for nothing done there could give or take away or affect the jurisdiction of the court in this state. Whether the appointment in that state was valid or invalid was to be tried and determined on the hearing of the petition for license. The probate court in Hennepin county had jurisdiction. All that was necessary to show authority to make the sale was the record in the Hennepin county court. And, had that record been impeachable in this collateral proceeding, the evidence introduced or offered by defendant would have been of no avail to impeach it.

The only other objection to the purchaser's title so serious that we need mention it, is to the deed executed by the guardian. The objections to it are that it does not recite the authority under which it was made, to wit, the license of the probate court, and that it does not purport to convey the ward's estate in the land, but runs in the name of the guardian as grantor. The deed certainly is not in the best form. It is about as scant as would be safe to have it. It describes the grantor as the guardian of the two minors, and is executed by her as such; states that the land descended to them from their

father, deceased, subject to her (the guardian's) dower; and the dower is expressly excluded from the grant.

There is no reference to the proceedings in the probate court of Hennepin county authorizing the sale. Of course, the deed could be of no effect, unless executed pursuant to the authority thus given. It is usual in a deed executed by a person not in his own right, but by virtue of authority conferred on him, to recite, or at least make reference to, the authority under which the deed is executed. But as in such case the authority must be shown independent of the deed, however full that may be, it is not absolutely essential that there should be any reference to it in the body of the deed, provided it appears from the entire deed that it was executed pursuant to the authority. Thus in *Tidd* v. *Rines*, 26 Minn. 201, (2 N. W. Rep. 497,) a deed executed by an attorney in fact was held good, though there was no reference to the authority, except in the signature of the attorney; and in *Berkey* v. *Judd*, 22 Minn. 287, that the attorney need not sign his own name,—the deed appearing on its face to be the indenture of the principal, made by his attorney in fact, designated by name; and in *Bigelow* v. *Livingston*, 28 Minn. 57, (9 N. W. Rep. 31,) it was held good, though the seal might of itself be taken to be that of the attorney,—the whole instrument showing it was intended as the seal of the principal. And so in this case, as it was necessary (without regard to the form of the deed) to introduce the record of the probate court, it appears beyond any question that the deed was executed pursuant to the license. We hold the deed to be good, so far as concerns that objection.

In making the other objection, to wit, that the deed runs in the name of the guardian as grantor, and not in the names of the wards, the appellant confounds deeds executed under authority of and as agent for the grantor, in which case the deed must be in the name of the principal, and those executed upon judicial sales, as sheriffs' deeds, executors' or administrators' deeds, or guardians' deeds, which are made by the person making them in an official character, and not by authority nor as agent for the owner. In regard to these deeds, Freeman, in his work on Void Judicial Sales, § 47, states the general rule (in the absence of any statute prescribing the requisites

v.40m—17

of such a deed) thus: "Of course, the deed must be executed with the formalities essential to other deeds, and must show that the person who signs it is acting in an official capacity, and not merely conveying his own title to the property." That appearing, and the power to make it being shown, it is good as an official deed. We see nothing in any other assignment of error that needs special mention.

Order affirmed.