THOMAS SALO v. STATE OF MINNESOTA.[1]

April 13, 1933.

No. 29,407.

[1]Reported in 248 N. W. 39.

*Roger L. Dell,* for plaintiff-respondent.

*Harry H. Peterson,* Attorney General, and *Harry W. Oehler,* Deputy Attorney General, for defendant-appellant.

DIBELL, JUSTICE.

This is a motion on the part of the plaintiff "for the judgment of said court affirming the judgment ·of the district court of Otter Tail county, Minnesota, * * * or in the alternative, for the order and judgment of this court dismissing the appeal attempted to be taken by the appellant herein. Said motion is made upon the ground that the attached appeal of the appellant herein is illegal and of no force or effect since the purported appeal was not taken within six months after the filing and entry of the judgment in said action in the district court of Otter Tail county, Minnesota, and that the time to appeal from said judgment having expired, the appellant is not permitted to appeal from an order made in said action denying its motion for a new trial."

On January 19, 1925, when the Farmers State Bank of Deer Creek, Minnesota, was closed on account of insolvency, it held on special deposit the sum of $6,978.37 belonging to the respondent, which had been received from the state by way of loan through the rural credit bureau and which was to be used in paying a mortgage against his land. The respondent filed a preferred claim with the commissioner of banks, and it was allowed. The bank was much involved, and its funds were sufficient to pay only 71 per cent of the preferred claim, that is, $4,826.84, and a check in that sum was drawn by the commissioner of banks payable to the plaintiff on a bank in St. Paul. The state through its rural credit bureau laid claim to the check, and the matter went to litigation in the district court of Otter Tail county, which found that the plaintiff was entitled to it. Pleadings were framed, evidence was taken, and the proceeding went to trial as an ordinary action without objection as to form. At its conclusion the court made findings of fact and

616

conclusions of law. At the beginning of these are the words "findings and decree," followed by recitals of appearances, and finally findings of fact of the usual character running from 1 to 15, inclusive. Immediately preceding the "findings of fact" was the following:

"After carefully considering all of the evidence received, the admissions of the parties in the pleadings and at the trial, and all of the files and proceedings herein, together with the arguments of counsel, this court now makes and files the following, in addition to the foregoing, as and for its findings of fact, conclusions of law and order for judgment herein, to-wit:"

Then there were conclusions of law in the usual form, stating "that the plaintiff herein is entitled to the relief as hereinafter set forth, and that the defendant is entitled to no relief, and the counterclaim set up in its answer is dismissed." Then there was the following:

"IT IS THEREFORE ORDERED, DETERMINED, ADJUDGED AND DECREED:

"1. That the plaintiff herein is the owner of said preferred claim, subject to the assignments heretofore made as above described, and that the state has no right, title or interest, claim or lien of any kind on or against said fund or any part thereof.

"2. That said plaintiff and his two assignees above stated are entitled to the entire fund and are entitled to the check deposited with the clerk, to-wit: check number 84,894, drawn on May 1st, 1931, by J. N. Peyton, Commissioner of Banks, per W. A. Smith, examiner in charge of liquidation, upon the Commercial State Bank of St. Paul, Minnesota, in favor of Thomas Salo, in the sum of $4,826.84.

"And the clerk of this court is hereby directed and ordered to properly endorse such check and deliver the same to said plaintiff and said assignees, who may thereupon collect the same through the proper channels.

"Plaintiff is further entitled to his costs and disbursements herein.

"Proceedings on the part of plaintiff are hereby stayed for 30 days from this date.

"Dated at St. Cloud, Minnesota, this 29 day of April, 1932.
                    "By the Court: .
                            "John, A. Roeser, District Judge."

This was followed by a memorandum by the court, in which it stated this:

"It seems to me there is only one question in this case and that is, to whom does this money belong. The state has very ably urged that it belongs to it, and the plaintiff has been no less insistent to the contrary, claiming that it belongs to him.

"It seems to me that the state, by insisting on holding the note and mortgage, the effect of which was to lose this land to the plaintiff, has made its decision to stand upon its loan. If that be so, then the fund belongs to the plaintiff and not to the state."

The findings were filed with the clerk on May 3, 1932.

The service of the motion to affirm or dismiss was made on the seventh day of February, 1933.

On July 30, 1932, the state noticed a motion to be heard on September 3, 1932, for an order amending the decision filed May 3, 1932, by striking out or changing certain of the findings and changing the conclusions of law and order for judgment, upon the following grounds:

"1. That the decision is not justified by the evidence and is contrary to law.

"2. That the findings of fact as contained in said decision are not justified by the evidence, and that said proposed amended findings of fact are justified and compelled by the evidence.

"3. That the conclusions of law are not justified by the findings of fact."

and in the alternative asked:

"If said motion be denied, the defendant will move the court for an order vacating the decision herein and granting a new trial on the grounds hereinbefore specified."

This motion was heard by agreement of counsel on November 5, 1932. The case was settled on that day. It was proposed for

settlement on July 27, 1932. The court denied the several motions for amended findings and conclusions of law and further denied the motion for a new trial and stayed proceedings for 20 days. This was on the ninth day of November, 1932.

On December 6, 1932, the state filed the following notice of appeal:

"You will please take notice that the defendant above named appeals to the Supreme Court of Minnesota from the order made and filed on November 9, 1932, by the above named court in the above entitled action, denying the defendant's motion for a new trial."

The plaintiff's motion to affirm or to dismiss the appeal was made upon the grounds hereinbefore stated.

The plaintiff's contention is that what we have termed the findings and conclusions constituted a judgment and that the appeal was more than six months after the judgment though within 30 days after the court's determination of the motion for a new trial. The state's contention is that the so-called findings did not constitute a judgment and that the appeal was within 30 days after the trial court's determination of the motion for a new trial.

The statute, G. S. 1923 (2 Mason, 1927) § 9394, provides that the judgment shall be entered and signed by the clerk in the judgment book; and that a copy, also signed by the clerk, shall be attached to the judgment roll. No judgment was entered in the judgment book. There was no signature of the clerk to any paper. No judgment roll was ever made.

The plaintiff relies upon Alger v. Minnesota L. & T. Co. 135 Minn. 235, 159 N. W. 565, 160 N. W. 765; Levi v. Longini, 82 Minn. 324, 84 N. W. 1017, 86 N. W. 333; Connelly v. Carnegie D. & F. Co. 148 Minn. 333, 181 N. W. 857. Obviously these are not controlling.

The parties never thought there was a judgment. It is but recently that they have claimed that the findings and proceedings made a judgment. An appeal from a judgment must be taken within six months after its entry. G. S. 1923 (2 Mason, 1927) § 9497.

Immediately upon the making of the findings the state moved in the alternative for amended findings and conclusions or a new trial. Failing in getting such relief, the state appealed. No objection was made. Everything was set for the ordinary hearing in this court on appeal after a hearing in the court below, which had not reached a judgment.

Motion to affirm or to dismiss appeal denied.

[1]Reported in 248 N. W. 41.