[1] Reported in 7 N.W.2d 679.
On December 26, 1940, Isabella J. Hartley died testate leaving as her sole heirs two daughters, Isabella H. House and Deborah Ann G. McGonigle. The decedent's purported last will, dated May 8, 1939, was offered for probate by Isabella, who was named therein as executrix and as a devisee and legatee. Deborah, who was also named therein as a devisee and legatee, filed objections to the allowance and probate of the will.
Later, on May 1, 1941, the two daughters, who were the only parties interested, entered into a contract by the terms of which they agreed to compromise and settle their differences. Deborah agreed to withdraw the objections which she had interposed to the allowance and probate of the will in consideration of the transfer to her of certain real and personal property of the decedent. Isabella was to have the remainder of decedent's property.
The contract recited that it was made with the understanding that an inventory attached thereto showed "substantially all of the assets owned by Isabella J. Hartley at her death." The inventory was prepared by Isabella.
On May 7, 1941, the will was allowed and admitted to probate. Some time thereafter Deborah discovered that Isabella had omitted from the inventory approximately $1,700 in cash. Thereupon she charged that she was induced by Isabella's fraud to sign the contract. She claimed that Isabella fraudulently misrepresented the amount of property owned by decedent at her death by failing to include in the inventory attached to the contract the $1,700 in question. *Page 16 
On November 7, 1941, Deborah appealed to the district court from the order of the probate court of May 7, 1941, allowing the decedent's last will and admitting it to probate. She assigned as propositions of law and fact that decedent was not of sound mind and lacked testamentary capacity; that the instrument purporting to be her will was not executed in the manner required by law; that the will was procured by undue influence exerted on decedent by Isabella; and that Isabella was not a suitable and competent person to be appointed executrix.
Isabella then moved to dismiss the appeal upon the ground that Deborah had no right to appeal, for the reasons, among others, that by contract she had agreed to refrain from contesting the will; and that because of the contract she was not a person aggrieved so as to have a right of appeal under Minn. St. 1941, § 525.712 (Mason St. 1940 Supp. § 8992-166).
The court below granted the motion to dismiss upon the sole ground that by her contract to refrain from contesting the will Deborah consented to the probate of the will and that thereby she lost her right to appeal. In that connection the court held that it made no difference whether, as Deborah claimed, the contract was procured by Isabella's fraud, for the reason that it was of the view that Deborah's remedy was not by appeal, but in the probate court to vacate the proceedings there had.
An interested party may appeal from the probate court to the district court although he did not appear or took a different position in the probate court. In the recent case of In re Estate of Langer, 213 Minn. 482, 7 N.W.2d 359, we said that such party may appeal "though he did not appear at all in probate court or even if, in the district court, he takes a position different from that in the probate court."
Our conclusion, therefore, is that the court below erred in holding that Deborah lost her right of appeal, upon the ground that by the contract obtained by fraud practiced upon her she consented to the probate of the will. Since she had a right to appeal notwithstanding the position taken by her in the probate *Page 17 
court, she did not lose that right by her consent in that court to the probate of the will.
Reversed.