[1] Reported in 20 N.W.2d 330.
On September 22, 1943, the probate court of Goodhue county appointed respondent special guardian of appellant's estate on the ground that appellant was incompetent to manage her own affairs. On October 26, 1943, she filed a petition for restoration to capacity. After due hearing the probate court granted the petition and filed an order restoring her to capacity and requiring the special guardian to file a final account. The special guardian appealed to the district court and obtained a reversal of the probate court's order. Appellant moved for amended findings or a new trial, and from the order denying the motion she brings this appeal.
Appellant made timely objection in the courts below, by special appearance, that the special guardian had no right of appeal to the district court. She urges that same point here, and also asserts that the record does not justify the court's decision in reversing the order of the probate court which restored appellant to capacity.
Respondent counters with a motion to dismiss this appeal on the ground that it has been taken from a nonappealable order. He further asserts that the record amply justifies the findings of the district court in refusing to restore appellant to capacity.
1. We find no merit in respondent's contention that the order of the district court denying appellant's motion for amended findings or a new trial is a nonappealable order. The right of appeal is governed by the statutes. They specifically forbid an appeal *Page 495 
from an order except as specified therein. Minn. St. 1941, § 605.01 (Mason St. 1940 Supp. § 9490); Seeling v. Deposit B. 
T. Co. 176 Minn. 11, 222 N.W. 295. Under § 605.09(4), (§ 9498[4]), there is granted a right of appeal from an order refusing a new trial. Respondent's position is that the appeal should have been taken from the order of September 13, 1944, in which the trial court made findings of fact and conclusions of law reversing the probate court. No appeal would lie from those findings. Ebeling v. Bayerl, 162 Minn. 379, 202 N.W. 817; In re Guardianship of Ahlman, 185 Minn. 650, 240 N.W. 890. See, also, Salo v. State, 188 Minn. 614, 248 N.W. 39; In re Settlement of Stewart, 216 Minn. 485, 13 N.W.2d 375. Appellant had the choice of appealing either from a judgment entered pursuant to the findings or from the order denying a new trial. Salo v. State, supra.
The two cases of Barrett v. Smith, 183 Minn. 431,237 N.W. 15, and In re Guardianship of Jaus, 198 Minn. 242,269 N.W. 457, relied on by respondent, are not in point. The Barrett case involved the right to appeal from a second motion for a new trial. In the Jaus case there was no trial on the merits, the issue involving the appealability of an order of the district court dismissing an appeal from the probate court.
The motion of respondent to dismiss this appeal is therefore denied.
2. Nor do we agree with appellant that respondent as special guardian had no right of appeal to the district court from the probate court's order restoring appellant to capacity. Minn. St. 1941, § 525.71(14), (Mason St. 1940 Supp. § 8992-164[14]), specifically provides for an appeal from an order restoring an incompetent to capacity. But appellant maintains that the special guardian is not an aggrieved party within the meaning of § 525.712 (§ 8992-166), and relies upon Singer v. Allied Factors, Inc. 216 Minn. 443, 446, 13 N.W.2d 378, 380, which holds:
"A party aggrieved is one whose personal right is injuriously affected by the adjudication. One who has no interest in the subject *Page 496 
of the litigation cannot be aggrieved by the adjudication and consequently has no right to appeal."
The most effective answer to this contention is that the statutes plainly indicate that it was intended that special guardians should have a right of appeal. Under § 525.61 (§ 8992-143), any person under guardianship, or his guardian, may petition the court for restoration to capacity, and "any person may oppose such restoration." Under § 525.71 (§ 8992-164), various orders of the probate court from which an appeal may be taken are enumerated, among which is included an order restoring or refusing to restore an incompetent to capacity. Under § 525.80 (§ 8992-185), a special guardian is included in the statutory definition of "representative." Then, in § 525.712 (§ 8992-166), it is provided:
"Such appeal may be taken by any person aggrieved within 30 days after service of notice of the filing of the order, * * *" and that if the appellant "other than the state, the veterans' administration, or a representative appealing on behalf of theestate, * * *" appeals, a bond must be given. (Italics supplied.)
In our opinion, these statutory provisions clearly indicate that it was intended by the legislature to give a special guardian a right of appeal.
A Wisconsin case relied upon by appellant, In re Carpenter,140 Wis. 572, 123 N.W. 144, 25 L.R.A.(N.S.) 155, is not in point here, because it did not involve an appeal by a special guardian. It may be noted also that the Wisconsin statutes specifically provide for an appeal by guardians. Wis. St. 1943, § 324.01.
3. We have had some difficulty with the issue involving the merits, but after carefully studying the evidence we reach the conclusion that we would not be justified in disturbing the trial court's findings. Upon the record, an order for restoration to capacity would have been fully justified. In behalf of appellant, testimony was presented by two physicians, a bank cashier, and a merchant, men of standing in the community and personally acquainted with appellant, all of whom testified that she was competent *Page 497 
to manage her own affairs. This testimony is quite persuasive and is entitled to considerable weight. But the probative value of that testimony was for the trial court to determine. It must be borne in mind that as an appellate court our responsibility is not to decide the facts, but rather the question whether there is reasonable evidence to support the findings of the trial court. In re Restoration to Capacity of Masters,216 Minn. 553, 13 N.W.2d 487.
In support of respondent's position was the testimony of himself and appellant's daughter and her husband, each of whom testified that appellant was not competent to manage her own affairs. It is true, as appellant suggests, that these witnesses are interested in the outcome of the litigation, but such interest was for the consideration of the trier of fact. Further, pursuant to stipulation, the trial court personally interviewed appellant. After such interview, it was his studied opinion that —
"There can be no question but that Nettie Hudson needed and that the Probate Court properly appointed a special guardian shortly after the stroke, and this court is of the opinion and reaches the conclusion from a consideration of the whole matter, including actual observation of Nettie Hudson and what she has done and may do, her property should be under the control of a guardian."
Some of the answers given by appellant when she was interrogated by the court seem to us to justify this conclusion on the part of the trial court. Our responsibility in cases of this kind is clearly set forth in In re Guardianship of Strom,205 Minn. 399, 402, 286 N.W. 245, 247, as follows:
"With the trial court necessarily rested the primary responsibility of determining fact issues. We are and should be guided by the fact that much must necessarily be left, especially in proceedings of this kind, to the sound judgment and discretion of the trial court. It has the advantage, not possessed here, of being confronted with the witnesses, the alleged incompetent person, and the circumstances surrounding the entire proceeding. It is more capable than we of *Page 498 
reaching a clear understanding of the situation and of the mental condition and capacity of the claimed incompetent person."
From a careful consideration of the entire record, we believe that there is sufficient evidence to justify the order of the trial court refusing to restore appellant to capacity.
Affirmed.
MR. JUSTICE THOMAS GALLAGHER took no part in the consideration and decision of this case.