IN RE GUARDIANSHIP OF NETTIE HUDSON.
CECELIA PETERSON v. C. L. WILLYARD.[1]

May 27, 1949.

No. 34,901.

See, 220 Minn. 493, 20 N. W. (2d) 330; 226 Minn. 532, 33 N. W. (2d) 848.

[1]Reported in 37 N. W. (2d) 742.

*P. E. Sargent,* for appellant.
*H. J. Edison* and *Oscar C. Ronken,* for respondent.

KNUTSON, JUSTICE.

The subject matter of this appeal has been the source of much litigation. On September 27, 1943, W. T. Corwin was appointed special guardian of the estate of Nettie Hudson by the probate court of Goodhue county. On February 15, 1944, the same court made an order restoring Nettie to capacity, terminating the guardianship, and requiring the special guardian to file his final account within 14 days. The special guardian appealed to the district court, where the decision of the probate court was reversed, and on an appeal from the district court we affirmed in a decision handed down October 19, 1945. In re Guardianship of Hudson, 220 Minn. 493, 20 N. W. (2d) 330.

In the meantime, Nettie changed her residence from Goodhue county to Dodge county. Eight days after filing the decision in the above case, the probate court of Dodge county, upon Nettie's petition, appointed C. L. Willyard general guardian of the estate of Nettie Hudson, and the proceedings were removed thereafter by order of the probate court of Goodhue county to Dodge county. The order of removal was appealed to the district court and reversed as to the special guardianship, which was remanded back to Goodhue county for settlement and allowance of the special guardian's account. The district court order was dated August 20, 1946. On December 12, 1945, the special guardian filed with the probate court of Goodhue county a supplemental final account covering expenses incurred after the appointment of the general guardian. The probate court declined to consider any expenses of the special guardian's account incurred after the appointment of the general guardian, and this order was appealed to the district court and affirmed. On appeal to this court, we reversed by decision filed July 16, 1948. In re Guardianship of Hudson, 226 Minn. 532, 33 N. W. (2d) 848.

While the appeal in the last-mentioned case was pending, C. L. Willyard filed his final account as general guardian of the Nettie Hudson estate in the probate court of Dodge county. On January 8, 1948, the probate court made an order allowing the account, in which the court found that there were no assets remaining in the estate. An appeal from this order was taken to the district court by Cecelia Peterson, daughter of Nettie Hudson, and by W. T. Corwin as special guardian. In attempting to comply with our statute respecting an appeal from probate to district court, a cash bond in the sum of $250 was filed, which was approved by the probate court.

The general guardian appeared specially on April 5, 1948, and moved the court to dismiss the appeal on the following grounds:

"1. That the above named District Court does not have jurisdiction therein.

"2. That the said purported appeal is invalid and of no force or effect, whatsoever."

On the hearing of this motion, the daughter and special guardian appeared by their attorney and orally moved the court that if the bond they had filed was found to be insufficient they be given leave to file another bond. The district court granted the motion to dismiss, without indicating the basis therefor, and denied the motion for leave to file a proper bond. The appeal now before us is from this order of the district court.

The main question presented by the briefs is whether the court abused its discretion in not permitting appellants to file a proper bond in the event the bond which they had filed was found to be insufficient.

■ Prior to the adoption of the amendment to our probate code by L. 1937, c. 435, we held that service on the appellee of the required bond on appeal from probate to district court was jurisdictional. In re Estate of Van Sloun, 199 Minn. 434, 272 N. W. 261. Since the 1937 amendment, service of a proper appeal bond is not jurisdictional in the sense that it cannot be corrected under leave of the court. In re Estate of Dahn, 203 Minn. 19, 279 N. W. 715.

Where the default is the fault of the attorney, the court should relieve the client of the consequences of the attorney's mistake or neglect where it can be done without substantial prejudice to the party affected. Kennedy v. Torodor, 201 Minn. 422, 276 N. W. 650; In re Estate of Dahn, *supra.*

No showing has been made in this case of any prejudice to anyone if the court had permitted the filing of a proper bond. It appears that failure to file a sufficient bond was due to a mistake as to the nature of the bond required. Appellants did file a cash bond in the required amount, which in all probability would have served the purpose equally as well as the bond required by statute. Technically, it may not have complied with our statute, but it does show an attempt to comply, even to the extent of having the approval of the probate court. We believe that it was an abuse of discretion to deny appellants' request for permission to file a sufficient bond.

Respondent contends that the authority of the special guardian terminated with the appointment of a general guardian and that thereafter the special guardian had no authority to appeal from an order allowing the final account of the general guardian.

In the first appeal in this matter, In re Guardianship of Hudson, 220 Minn. 493, 20 N. W. (2d) 330, we held that a special guardian could appeal prior to the appointment of a general guardian. In the subsequent case, *Id.* 226 Minn. 532, 33 N. W. (2d) 848, we held that expenses of the special guardian incurred in conducting an appeal after the appointment of the general guardian should be considered by the court and could be allowed. In allowing the final account of the general guardian, the probate court found that there were no remaining assets. The record is barren of any showing whether the special guardian has been allowed any expenses which are payable out of the estate, and, if so, whether they have been paid. It may well be that he is an aggrieved party in the sense that he is entitled to be paid expenses out of the estate, which he cannot collect if the estate is insolvent. If so, he would have a right to appeal. In any event, the daughter, who might become

512

liable for the support of her impoverished mother, would have a right to appeal.

■ Respondent further contends that inasmuch as no objection to any item of the account was filed in the probate court the district court properly dismissed the appeal from the order allowing the account. An aggrieved party may appeal to the district court even though he made no appearance in probate court and even though he takes a different position in district court from that taken in the probate court. In re Estate of Langer, 213 Minn. 482, 7 N. W. (2d) 359; In re Estate of Hartley, 214 Minn. 14, 7 N. W. (2d) 679.

■ On appeal, the case is tried *de novo* in district court. The district court would not be justified in dismissing an appeal on the ground that appellants took a different position in district court from that taken in the probate court, nor even if appellants did not appear in the probate court at all.

Reversed with instructions to permit appellant to file proper appeal bond.