IN RE GUARDIANSHIP OF ESTATE OF NETTIE HUDSON.
JAMES C. SARGENT v. C. L. WILLYARD.[1]

May 2, 1952.

No. 35,783.

Plato E. Sargent, for appellant.
Oscar C. Ronken and H. J. Edison, for respondent.

PER CURIAM.

Respondent moves this court for an order dismissing the appeal. This is the fifth appearance of this case in this court. The former decisions are: In re Guardianship of Hudson (1945) 220 Minn. 493, 20 N. W. (2d) 330; Id. (1948) 226 Minn. 532, 33 N. W. (2d) 848; Id. (1949) 228 Minn. 508, 37 N. W. (2d) 742; and Id. (1952) 235 Minn. 444, 51 N. W. (2d) 103. The facts are detailed in the four prior opinions. On September 27, 1948, the district court of Dodge county dismissed a joint appeal by W. T. Cor-

[1]Reported in 53 N. W. (2d) 136.

win as special guardian of the estate of Nettie Hudson, ward, and Cecelia Peterson, the daughter of the ward, from an order of the probate court of Dodge county allowing the final account of C. L. Willyard as general guardian of the estate of the ward. On June 9, 1948, while the motion to dismiss was pending, Corwin died. Cecelia Peterson only appealed to this court from that order. The order of dismissal as to her was reversed here and the case remanded for further proceedings in Dodge county. In re Guardianship of Hudson, 228 Minn. 508, 37 N. W. (2d) 742. At the subsequent hearing in the district court of Dodge county following the reversal, the court held that failure of the special guardian or his representative to appeal to this court from the order dismissing the appeal from the order of the probate court terminated the right of the special guardian or his representative to appear in the proceedings, and the hearing was confined to the issues presented by the appeal of Cecelia Peterson only. The trial court allowed the final account of C. L. Willyard as general guardian of the estate of the ward, and an appeal was taken to this court from the judgment entered. We remanded for further proceedings. In re Guardianship of Hudson, 235 Minn. 444, 452, 51 N. W. (2d) 103, 107, in the course of which opinion, we said:

"With reference to the fees and expenses of the special guardian incurred in Goodhue county, it appears that upon the failure of such special guardian to perfect his appeal from the order dismissing his appeal from probate court his rights in the matter terminated. It is obvious that his interests in establishing certain charges against the estate would be adverse to those of Cecelia Peterson, daughter of the ward, who perfected the appeal and whose interests are in the residue, if any, of the estate. In consequence, the situation is not similar to those involving a joint judgment or decree against several parties where the effect of an appeal by one, without the concurrence of the others, carries up the whole case so that a reversal inures to the benefit of all. [Citing cases.]

"Ordinarily, an interested party who does not appeal from a judgment or order affecting his rights does not benefit by the appeal of another party likewise affected by such judgment or order, but whose interests therein are different from his. [Citing cases.]"

On October 11, 1948, James C. Sargent was appointed special administrator of the estate of Corwin. Two days later he petitioned the district court of Dodge county for an order appointing him as special guardian in the proceedings for the purpose of appealing from the order of September 27, 1948, which dismissed the appeal of Corwin as special guardian from the order of the probate court. This motion was denied by order of January

24, 1949, and notice of the filing of said order was served upon Plato E. Sargent, attorney for James C. Sargent, on February 1, 1949.

On October 18, 1948, notice of filing of the order of September 27, 1948, was served on Plato E. Sargent as "attorney for appellants." Plato E. Sargent was attorney of record for Corwin, the special guardian, and had also appeared as attorney for James C. Sargent prior to the time that notice of filing of the order of September 27, 1948, was served on him as "attorney for appellants."

Shortly after the decision in In re Guardianship of Hudson, 235 Minn. 444, 51 N. W. (2d) 103, and on February 7, 1952, James C. Sargent, as special administrator of estate of W. T. Corwin, deceased, served notice of appeal from the order of the district court of Dodge county of September 27, 1948, which order we have already referred to and from which order Cecelia Peterson appealed and whose appeal was disposed of in In re Guardianship of Hudson (1949) 228 Minn. 508, 37 N. W. (2d) 742. The validity of this appeal is involved in the motion to dismiss. Respondent contends that the appeal should be dismissed on the grounds that (1) James C. Sargent, as special administrator of the estate of W. T. Corwin, is not a party to the proceedings and has no standing on appeal, and (2) that the time to appeal from the order of September 27, 1948, has expired.

The special guardian, Corwin, was appointed by the probate court of *Goodhue* county on September 27, 1943. The general guardian, Willyard, was appointed by the probate court of *Dodge* county on October 27, 1945. The order of the probate court of *Goodhue* county, entered March 9, 1944, removed Corwin as special guardian except for the purpose of appeal from the order restoring the ward to capacity. This court recognized the jurisdiction of the probate court to limit the purposes of guardianship and that the special guardianship was so limited. In re Guardianship of Hudson, 226 Minn. 532, 33 N. W. (2d) 848. The present proceeding, in *Dodge* county, for settlement of the final account of Willyard, the general guardian, is entirely foreign to the function of the special guardian, even assuming that James C. Sargent was appointed special guardian as successor to Corwin.

After the appointment of the general guardian, the power of the special guardian ceased, except for the purposes of the final account of the special guardian. § 525.591; In re Guardianship of Hudson, 226 Minn. 532, 33 N. W. (2d) 848. His only other power, viz., to prosecute an appeal from the order restoring capacity, terminated when the appeal was successfully terminated.

The judgments of the district court for the first judicial district (Goodhue county) and of the Goodhue county probate court allowing the account of

the special guardian recite that James C. Sargent was substituted as special guardian in the proceedings. This recital is no evidence that letters of guardianship were in fact issued. Cf. Dawson v. Helmes, 30 Minn. 107, 14 N. W. 462; Burrell v. C. M. & St. P. Ry. Co. 43 Minn. 363, 45 N. W. 849. Besides, it would be a fair inference from § 525.591 that after appointment of a general guardian no special guardian could be validly appointed. Certainly, no useful purpose could be served by the appointment of a special guardian in Goodhue county to succeed Corwin. Special guardianship proceedings had been retained in Goodhue county by order of the district court for Goodhue county dated August 20, 1946, solely for allowance of the final account of Corwin. In re Guardianship of Hudson, 228 Minn. 508, 37 N. W. (2d) 742. Such final account of a deceased guardian is to be prepared by, and settled and allowed by petition of, the personal representative of the deceased guardian, not by a successor guardian. § 525.58.

Thus, even if the recitals of appointment in the judgments are accepted as stating the fact, it appears that James C. Sargent as special guardian had absolutely no function to perform, no interest in the general guardianship proceedings, and was not an aggrieved party. He therefore has no standing to appeal. § 605.09.

Nor is James C. Sargent, as special administrator of the deceased special guardian, a party aggrieved by the order of September 27, 1948. Corwin, at the time of his death, was appealing *as special guardian* from an order allowing the final account of the general guardian. His interest as special guardian is not apparent, but it is clear that whatever interest he may have had is not an interest which passes to his special administrator. The duty of James C. Sargent as special administrator is to collect the assets and conserve the estate of Corwin, § 525.301, not to protect the interests, if any, of the special guardianship. By the judgments allowing the account of the special guardian, the estate of Corwin has an adjudicated claim against the estate of the ward, Nettie Hudson, a claim not subject to collateral attack.

In view of our opinion stated, it is not necessary to determine the question whether proper notice of filing of the order of September 27, 1948, was served and whether the time for appeal has expired.

Appeal dismissed.